# Morrell *v*. The State.

## *Indictment for Murder.*

1. *Pleas and defenses; when plea of insanity comes too late.* Where, upon the arraignment of a defendant under a charge of murder, she interposed the plea of not guilty, she thereby loses the right to subsequently plead "not guilty by reason of insanity," and the allowing of the subsequent interposition of such plea is addressed to the sound discretion of the trial court, which will not be reviewed, except where there is shown an abuse of the discretion.

2. *Homicide; when character of deceased inadmissible.*—On a trial under an indictment for murder, when it is shown that at the time of the killing the deceased was asleep and was making no hostile demonstration toward defendant, and that the defendant had an opportunity to escape from any immedi-

[Morrell v. The State.]

ate danger, although the deceased had previously threatened
to kill her, evidence of the violent and dangerous character
of the deceased is inadmissible.

APPEAL from the Circuit Court of Shelby.

Tried before the Hon. JOHN PELHAM.

The appellant in this case, Lou Morrell, was indicted,
and tried for the murder of Levi Morrell, was convicted
of murder in the first degree, and sentenced to the peni-
tentiary for life.

When the defendant was arraigned for trial she
pleaded not guilty, and the cause was set for trial for
a succeeding day of the term of the court. When the
cause was called for trial on the day set therefor, the
defendant, through her attorney, asked leave of the
court to withdraw the plea of not guilty and put in the
plea of not guilty by reason of insanity. The State
objected upon the ground that the plea of not guilty
on the ground of insanity came too late. The court sus-
tained the objection, and refused to allow the defend-
ant to withdraw her plea of not guilty, and to this rul-
ing the defendant duly excepted.

The evidence introduced for the State tended to show
that the deceased was the husband of the defendant;
that upon the deceased going home one evening, he
found defendant administering medicine to her sick
baby; that the defendant did not fix his supper; that he
became enraged and told the defendant to make haste
and get through giving the medicine to the baby as he
was going to kill her, and then kill himself; that he
loaded the gun in the presence of the defendant and
sat it down by him; that he then laid down upon a pal-
let upon the floor and continued to abuse the defen-
dant; that after a while he fell a sleep and when the
defendant had finished with the baby, she took the gun
which he had loaded and stepping a few feet from the
deceased, she levelled the gun at his head and fired,
killing him instantly.

The defendant testified that she was afraid of the
deceased, and killed him rather than be killed by him.
The defendant sought to introduce in evidence the testi-
mony of several witnesses showing that the deceased
was a turbulent, over-bearing and dangerous man.

The state objected to this evidence, the court sustained the objection, and the defendant duly excepted.

D. R. McMILLAN, for appellant, cited *Roberts v. State*, 68 Ala. 156.

MASSEY WILSON, Attorney-General, for the State.

SHARPE, J.—Section 4939 of the Code requires that "when the defense of insanity is set up in any criminal prosecution it must be by special plea, interposed at the time of arraignment " etc. Defendant's absolute right to defend on the ground of insanity was lost by her failure to plea to that end when she was arraigned, and her right to thereafter interpose that defense was subject to the trial court's discretion. If it be conceded that the court's action in that regard can properly be reviewed, the revision cannot extend beyond the ascertainment of whether there was an abuse of discretion, and that there was such abuse in the present case does not appear.

The undisputed evidence shows the deceased when shot, was either asleep or was lying down quietly; that he was then making no hostile demonstration towards the defendant, and that the defendant had opportunity to escape from any immediate danger she may have had reason to apprehend. Under such evidence no question of self-defense arose and consequently evidence of the violent and dangerous character of the deceased was properly rejected. Such evidence could have been relevant only in connection with evidence of an overt act of attack on the part of the deceased, and for the purpose of illustrating the character of the attack together with its tendency to excite in the defendant, a reasonable belief that she was in peril of great bodily harm and of a consequent necessity to slay the assailant in order to avert such harm. *Payne v. State*, 60 Ala. 80; *Eiland v. State*, 52 Ala. 323; *Roberts v. State*, 68 Ala. 156; *Karr v. State*, 100 Ala. 4.

No error in the record is discovered, and the judgment must be affirmed.