[Crim. No. 1832. First Appellate District, Division Two.—April 1, 1935.]

THE PEOPLE, Respondent, v. JOE LaCROSSE, Appellant.

Marshall B. Woodworth for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

NOURSE, P. J.—The defendant was tried before a jury on an information charging robbery and a prior conviction. He had refused to plead when arraigned, whereupon the trial court directed the clerk to enter a plea of not guilty. He later admitted the prior conviction, and on the trial was found guilty as charged in the information. He has appealed from the judgment on the verdict and from the order denying a new trial.

His first point is that the trial court erred in refusing to permit him to add to his plea of not guilty a special plea of "not guilty by reason of insanity". The motion was made at the inception of the trial and after defendant had answered "ready". The point is without merit. It was determined adversely to the contentions here made in *People* v. *Hall*, 220 Cal. 166, 170 [30 Pac. (2d) 23], and an appeal in that case to the Supreme Court of the United States was dismissed. (292 U. S. 614 [54 Sup. Ct. 869, 78 L. Ed. 1473].)

The second point is that defendant was denied due process because, when he refused to plead on arraignment, the trial court should have added to the general plea of "not guilty" the special plea of "not guilty by reason of insanity". The point has less merit than the first. The defendant had ample opportunity to enter the special plea if he had desired and no statute or rule of law denied that right if exercised within a reasonable time. The defendant was arrested on July 27, 1934. He was arraigned and his

trial was set for September 24th by consent. The trial commenced on October 18th, at which time he asked leave to change his plea. He was represented by counsel when arraigned and at all subsequent proceedings. Thus there has been no denial of the constitutional guaranty of due process but merely a failure to use the due process provided for his benefit. ■ In support of the point the appellant argues that section 1016 of the Penal Code is unconstitutional in that it declares that one who fails to make the plea ''shall be conclusively presumed to have been sane at the time of the commission of the offense charged''. The same question was decided adversely in *People* v. *Troche*, 206 Cal. 35, 48 [273 Pac. 767].

■ The third point relates to the admission of testimony of what occurred after the robbery. The appellant, with an accomplice, entered a bank in the city of Berkeley at about 11 o'clock A. M. on July 27, 1934. The appellant carried a sawed-off shotgun; his accomplice carried a revolver. With the threat of these weapons they took $1480 from the bank employees. At about 7 o'clock P. M. of the same day the appellant was arrested in a private garage which he had rented the day before. From his person the officers took several rolls of silver and $250 in currency, which was carried in one of his shoes. From his automobile the officers took the shotgun, the teller's cash box, and a canvass sack, which the parties had used in the robbery. While the arrest was being made another car was seen parked near the garage containing a man and a woman. As the officers approached this car it was suddenly driven off, but shots fired by one of the officers wounded the male occupant. This car was found in a private garage later in the evening at a place which had been rented by appellant's accomplice and a woman companion. A search of the premises disclosed the hat of the accomplice with two bullet holes, and also fingerprints of the appellant. The accomplice with his companion had left the premises, but he was later captured in Los Angeles. All the testimony objected to was offered for the purpose of showing the connection between the appellant and his accomplice and their efforts to flee from the seat of the crime. It was clearly admissible for that purpose. (8 R. C. L., sec. 186 et seq.)

█ The final point relates to the refusal to give a proposed instruction. The appellant did not take the stand in his behalf. His sole defense rested on the testimony of the ever-available alibi witnesses. Two were offered for this purpose—a woman who conducted a rooming house in San Francisco and her husband. The first testified that she had rented a room to appellant about three days before the robbery and that she had seen him in the premises about noon of the day the robbery was committed. On cross-examination she explained that this testimony was based on information given her by her husband, and that she had not seen the appellant herself. Her husband testified that he could not remember whether he had seen appellant in the premises on the day of the robbery or on the day before. For the prosecution four eye-witnesses positively identified the appellant as one of the participants. Two others saw him in the vicinity immediately following the robbery. The appellant tendered an instruction emphasizing the liability of mistake in identification and warning the jury that the burden of proof was on the prosecution. The latter portion was fully covered by instructions given. The rest of the proposed instruction was purely argumentative and was properly rejected. There is no error in the record.

The judgment and order are affirmed.          ∘

Sturtevant, J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 29, 1935.