29 So.2d 8

GARRETT v. STATE.

4 Div. 411.

Supreme Court of Alabama.

Jan. 23, 1947.

A. L. Patterson, of Phenix City, for appellant.

Wm. N. McQueen, Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

SIMPSON, Justice.

The defendant was convicted for the murder of Ruby Tolliver and received the death penalty.

He had previously served convictions, respectively, for the crimes of assault with intent to ravish and for murder in the first degree. The last sentence before the present one was life imprisonment for uxoricide. The present crime was committed while he was on parole.

He confessed as soon as he was arrested and on trial almost admitted the killing when on cross-examination in answer to the solicitor's question, "How long had you been out on parole when you killed Ruby?" he answered, "Two years and four or five months as near as I can remember it." His confession was proven to have been voluntary and related that he forced the victim to accompany him from her own yard into the woods at the back of her home, where he first raped her and then cut her to death and buried the body in a shallow grave. This was the State's version of the occurrence, supported by credible corroborating evidence, and due to the weakness of the countervailing evidence of the defendant which sought to establish an alibi, we are convinced of the propriety of the jury's verdict.

The conviction is challenged here for the refusal of the trial court to permit the defendant, five days after arraignment and

the interposition of the plea of not guilty, to interpose the special plea of not guilty by reason of insanity.

The governing statute is: "When the defense of insanity is set up in any criminal prosecution it must be by special plea, interposed at the time of arraignment and entered of record upon the docket of the court * * *." Code 1940, Tit. 15, § 423.

■ It is within the discretion of the trial court to refuse to permit this special plea if belatedly filed and we have said that the refusal to permit the filing of such plea "after the time prescribed by law is not revisable on appeal." Rohn v. State, 186 Ala. 5, 8, 65 So. 42, 43. See also, Morrell v. State, 136 Ala. 44, 34 So. 208: and Alston v. State, ante, p. 163, 26 So.2d 877.

This salutary rule is said to be without controlling influence if it should be made to appear that, in its enforcement, a constitutional right has been transgressed and it is on this theory that counsel seeks a reversal of the conviction.

The appointment of counsel to represent defendant and the arraignment occurred on the same day and the contention for error is that to thus refuse permission to later file the plea was a violation of due process provided under the Fourteenth Amendment of our federal Constitution in that accused was "denied the right of counsel, with the accustomed incidents of consultation and opportunity of preparation for trial." Powell v. Alabama, 287 U.S. 45, 50, 53 S.Ct. 55, 57, 77 L.Ed. 158, 84 A.L.R. 527.

Without deciding whether or not strict enforcement of our rule, on a proper showing, would be a denial of due process, we believe we can demonstrate the fallacy of appellant's insistence as applied to the circumstances disclosed by the record before us.

■ True, as pointed out in the last cited case, the guarantee by the Fourteenth Amendment of assistance of counsel is not satisfied by a formal appointment of counsel to defend accused, but comprehends an opportunity for consultation and preparation of the defense. The record here,

though, discloses no transgression of this guarantee. The defendant was arraigned seven days before the trial and, prior to arraignment, was given the privilege of counsel and the right to plead to the indictment, which he did. Rather than a showing of a denial of the guarantee of due process, the record indicates a failure of the defendant to use the due process provided. People v. La Crosse, 5 Cal.App.2d 696, 43 P.2d 596.

The Powell case, supra, presents no analogy.

The case in hand is more nearly analogous to that of Avery v. State of Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377 (Id., 237 Ala. 616, 188 So. 391), where defendant was brought to trial three days after arraignment and the appeal attacked the ruling of the trial court in denying the motion by defendant for a continuance on the ground that appointed counsel had not been given sufficient time and opportunity since appointment to investigate and prepare the defense. The Supreme Court of the United States, in discussing the principle and holding the constitutional protection under the Fourteenth Amendment had not been denied the defendant, said:

"Since the Constitution nowhere specifies any period which must intervene between the required appointment of counsel and trial, the fact, standing alone, that a continuance has been denied, does not constitute a denial of the constitutional right to assistance of counsel. In the course of trial, after due appointment of competent counsel, many procedural questions necessarily arise which must be decided by the trial judge in the light of facts then presented and conditions then existing. Disposition of a request for continuance is of this nature and is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed." 308 U.S. at page 446, 60 S.Ct. at page 322, 84 L.Ed. 377.

So here, "the fact, standing alone," that counsel concluded after arraignment that a plea of insanity should be interposed, without any showing that such a plea would have been well founded and susceptible of

due proof, is not a sufficient showing of arbitrary abuse of discretion in the denial of any substantial right, constitutional or otherwise.

To hold that, under these circumstances, a denial of justice is shown to have occurred would give license to an accused to purposely withhold this special plea on arraignment and thereby lay a predicate for reversal without a showing of the propriety of such plea or of any prejudice to him by its rejection.

Error is not presumed on review and, even in criminal cases, the burden rests on the appellant to establish it and the record before us is absent of such showing.

That no prejudice to accused intervened by the stated ruling is illuminated by the absence of any indication, even on the hearing of the motion for new trial, of the verity of such a defense or that proof could have been proffered to sustain such a plea. This is significant in manifesting the untenability of the proposition advanced by appellant.

The counsel appointed to represent the defendant was an able member of the local bar, who represented his client with diligence and fidelity, and it is our view the trial was free of prejudicial error.

The judgment is affirmed.

Affirmed.

All the Justices concur.