Per Curiam.

Petitioner’s primary contention is that the failure of the trial court to appoint counsel to act on his behalf prior to arraignment deprived him of the right to enter certain pleas and defenses. He claims that the right to urge such pleas and defenses was lost to him when he entered the plea of not guilty, and that, subsequently, the entering of such pleas was not a matter of right but a matter of the unreviewable discretion of the trial court, and thus petitioner was denied the right to a fair trial.
Petitioner urges as authority for his position the case of Hamilton v. Alabama, 368 U. S., 52. In that case the Supreme Court of the United States held that the failure to appoint coun *195 sel prior to arraignment in a capital case in Alabama was, under the Alabama law, such a deprivation of the constitutional rights of the accused as to entitle Hamilton to be released from his conviction. The court in the course of its opinion said:
“Arraignment under Alabama law is a critical stage in a criminal proceeding. It is then that the defense of' insanity-must be pleaded (15 Ala. Code, 423), or the opportunity is lost. Morrell v. State, 136 Ala., 44. Thereafter that plea may not be made except in the discretion of the trial judge and his refusal to accept it is ‘not revisable’ on appeal. Rohn v. State, 186 Ala., 5, 8. Cf. Garrett v. State, 248 Ala., 612, 614-615. Pleas in abatement must also be made at the time of arraignment. 15 Ala. Code, 279 (1940). It is then that motions to quash based on systematic exclusion of one race from grand juries (Reeves v. State, 264 Ala., 476) or on the ground that the grand jury was otherwise improperly drawn (Whitehead v. State, 206 Ala., 288), must be made.
“Whatever may be the function and importance of arraignment in other jurisdictions we have said enough to show that in Alabama it is a critical stage in a criminal proceeding. What happens there may affect the whole trial. Available defenses may be as irretrievably lost, if not then and there asserted, as they are when an accused represented by counsel waives a right for strategic purposes.”
An examination of the Hamilton case shows that the court based its decision on the fact that certain pleas and defenses were lost by pleading at the arraignment, and that, even as to the change to a plea of insanity after the arraignment, such change was within the unreviewable discretion of the trial court.
That, however, is not the situation in Ohio. So far as a change of plea is concerned, Section 2943.03, Eevised Code, provides in part as follows:
“The court may, for good cause shown, allow a change of plea at any time before the commencement of the trial.”
The obvious difference in the Ohio statute is that pleas are permitted to be changed for good cause shown, and clearly, under Ohio law, the refusal of a trial judge to allow a change of plea is reviewable on the question of abuse of discretion. 15 *196 Ohio Jurisprudence (2d), 414, Criminal Law, Section 215. Unquestionably, where an indigent accused has pleaded to an indictment without benefit of counsel, the appointment of counsel to act on his behalf would constitute such good cause that a subsequent refusal by the trial court to permit a change of plea would constitute an abuse of discretion.
The contrast between the Ohio and Alabama law is even more apparent when considered in relation to those sections of the Revised Code dealing with exceptions and demurrers to indictments.
Section 2941.59, Revised Code, provides:
“The accused waives all defects which may be excepted to by a motion to quash or a plea in abatement, by demurring to an indictment, or by pleading in bar or the general issue.”
This section standing alone would seem to substantiate the petitioner’s contention that by his plea he waived certain rights. However, this section must be read in conjunction with Sections 2941.52 and 2941.61, Revised Code.
Section 2941.52, Revised Code, provides:
“After the accused is brought into court and counsel has been assigned to him as provided by Section 2941.50 of the Revised Code, the court shall allow the accused a reasonable time to examine the indictment and prepare exceptions thereto.”
Section 2941.61, Revised Code, provides:
“After a demurrer to an indictment is overruled, the accused may plead under Section 2943.03 of the Revised Code.”
When these sections are read together, it is clear that, where an indigent accused pleads to an indictment without the benefit of counsel, the subsequent appointment of counsel to act on his behalf places the accused, for practical legal purposes, in the same position he was in prior to his arraignment. As has been shown, neither Section 2941.52 nor Section 2941.61, Revised Code, places any discretion in the trial court in relation to the filing of exceptions or the entering of pleas to the indictment in those instances where counsel is appointed to act for an indigent accused. As a matter of fact, in the instant situation a demurrer was filed by counsel after they were appointed and after petitioner had entered his original plea.
*197 Thus, under the law of Ohio, the failure to appoint counsel for this defendant prior to arraignment does not appear to have so deprived him of defenses or pleas as to deny him his constitutional right to a fair trial. See White v. State, 227 Md., 615.
It might be well to point out, however, that, although in this case failure to appoint counsel for an indigent accused prior to arraignment did not constitute a denial of rights or defenses, the preferable procedure is that counsel be appointed prior to the arraignment.
The second issue raised by petitioner relates to his being compelled to participate in a lineup after he was arraigned and just prior to his trial. Petitioner’s claim is actually two-fold. First, he claims that the lineup was staged, and that he was placed in the center of a group of men substantially shorter than he was. In this respect his claim is substantiated by an affidavit of one of the sheriff’s deputies who was present at the time. It is petitioner’s contention that the purpose of this lineup was to impress his identity on the widow of the deceased so that she would identify him during his trial. Any irregularity which occurred in this respect would go to the weight of the testimony as to identification of the petitioner, and any error claimed in regard thereto should have been raised on appeal and not through habeas corpus. 22A Corpus Juris Secundum, 429, Section 616; People v. Fort, 14 Ill. (2d), 491; and Spence v. Sacks, Warden, 173 Ohio St., 419.
The second error urged by petitioner in relation to the lineup is that, although he demanded that his counsel be present at the lineup, such request was refused. On this fact, petitioner bases his claim that he was denied his right to effective assistance of counsel at one stage of the proceedings and he is thus entitled to release. Although it is true that an accused is entitled to have his counsel present at each stage of the proceedings against him, a technical deprivation of counsel at one of the investigating steps, such as the lineup in the present case, does not constitute such a denial of the effective assistance of counsel as to entitle a person to be released by habeas corpus. Even on appeal it would be necessary to show that such deprivation was so prejudicial as to have constituted a denial of a fair trial before it would be a ground for reversal of the conviction.
*198 The final question raised by petitioner relates to his sentencing. There is no question in the present instance that petitioner was tried and found guilty by a jury, and the verdict was entered on the journal. In 1956, the Court of Appeals found that petitioner’s entry of commitment was void for failure of the trial judge to sign the judgment entry, thus rendering his sentence invalid. The Court of Appeals in a habeas corpus proceeding remanded petitioner for further proceedings. Petitioner having been convicted of the crime and sentenced therefor, any error as to his sentencing could be and was corrected by a nunc pro tunc entry of the Court of Common Pleas in December of 1958. Thus, the error in his commitment has been corrected. However, even assuming error in sentencing, such errors are not of the nature which are cognizable in a habeas corpus proceeding. Birns v. Sweeney, Sheriff, 154 Ohio St., 137; Ex parte Van Hagan, 25 Ohio St., 426.
A consideration of the issues raised by petitioner in the instant case shows no lack of jurisdiction of the trial court over either the person or the subject matter of the offense, nor does it show any deprivation of any constitutional rights of the petitioner.

Petitioner remanded to custody.

Taft, C. J., Zimmerman, Matthias, Griffith and Gibson, JJ., concur.
O’Neill and Herbert, JJ., dissent.