178 So.2d 101

**George W. KNIGHT**

**v.**

**STATE.**

**6 Div. 37.**

Court of Appeals of Alabama.

Aug. 17, 1965.

Erle Pettus, Jr., Birmingham, for appellant.

Richmond M. Flowers, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

This is an appeal from a judgment of the Circuit Court of Jefferson County denying appellant's petition for a writ of error coram nobis.

The record shows that on October 1, 1958, appellant was tried in the Circuit Court of Jefferson County for the offense of robbery, found guilty of robbery by a jury, and adjudged guilty by the court and sentenced to twelve years in the state penitentiary in accordance with the verdict. Appellant asserts in his petition for writ of error coram nobis, among other things, that this judgment and sentence should be reversed for the reason that he was denied counsel at the time of his arraignment.

At the hearing on the petition for writ of error coram nobis the appellant's testimony, in relevant part, was as follows:

"Q. Were you represented by counsel at your preliminary hearing?

"A. Yes, sir.

"Q. Who was your counsel?

"A. Mr. David Hicks.

"Q. At that time, had you made arrangements with Mr. Hicks to be paid, or was he representing you as an indigent person?

"A. I had an insurance check from a wreck that happened downtown, and I gave him that to represent me in the preliminary hearing, no further proceedings whatsoever except in the preliminary hearing.

\*　\*　\*　\*　\*　\*

"Q. Was it your understanding that he was also going to represent you in the circuit court?

"A. No, sir.

"Q. It was not your understanding?

"A. No, sir.

"Q. In other words, at the time you were arraigned you had no counsel.

"A. No, sir.

"Q. Did you request counsel at your arraignment?

"A. Yes, sir. Judge King asked me did I have an attorney at my preliminary hearing, and I told him 'yes, sir,' and he said, 'We are assuming he will be at your ar-

raignment,' and I said 'No, sir, he is not at my arraignment. He is not here,' and he said, 'How do you plead?', and I said, 'not guilty,' and he said, 'He will be at your trial.'

\* \* \* \* \* \*

"Q. And Mr. Hicks represented you in the trial?

"A. Yes, sir, he did."

Mr. David Hicks, the attorney who represented appellant at his preliminary hearing and at his trial, testified that the appellant gave him a note for $300.00 to secure payment of his fee for representing appellant, and also a chattel mortgage on an automobile. On cross-examination of Mr. Hicks, the following testimony was given:

"Q. When you received the $300.00— You have been in the courtroom and heard Mr. Knight testify that it was his understanding that the note was not in payment of your fee unless the automobile was disposed of. In other words, your employment was conditional on the automobile being disposed of to pay the note. Was that your understanding when the note was given?

"A. No, sir.

"Q. In other words, your understanding was that you were to represent him in the circuit court case, is that right?

"A. That is correct.

"Q. From the time the note was given until the trial was held, was there ever any doubt in your mind that you were representing him? I am just trying to get that straight.

"A. As I recall, the only discussion we had about the representation pertained to the arraignment. Prior to the arraignment, I had a discussion with Mr. Knight about the arraignment coming up sometime in the near future, and that I wouldn't be able to be there.

In that discussion, I told him that—I told him about the method or procedure to follow, that to tell the judge that held the arraignment that I represented him, and for him to plead not guilty. I don't recall what it was, or what reason it was that I couldn't be there."

It is undisputed under the evidence that appellant had no counsel physically present in court at the time of his arraignment. Therefore, we conclude that a reversal of this cause must be ordered on authority of Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114, wherein Mr. Justice Douglas, speaking for the court, said:

"Arraignment under Alabama law is a critical state in a criminal proceeding. It is then that the defense of insanity must be pleaded (15 Ala.Code § 423), or the opportunity is lost. Morrell v. State, 136 Ala. 44, 34 So. 208. Thereafter that plea may not be made except in the discretion of the trial judge, and his refusal to accept it is 'not revisable' on appeal. Rohn v. State, 186 Ala. 5, 65 So. 42, 43. Cf. Garrett v. State, 248 Ala. 612, 614–615, 29 So.2d 8, 9. Pleas in abatement must also be made at the time of arraignment. 15 Ala.Code § 279. It is then that motions to quash based on systematic exclusion of one race from grand juries (Reeves v. State, 264 Ala. 476, 88 So.2d 561), or on the ground that the grand jury was otherwise improperly drawn (Whitehead v. State, 206 Ala. 288, 90 So. 351), must be made.

"Whatever may be the function and importance of arraignment in other jurisdictions, we have said enough to show that in Alabama it is a critical stage in a criminal proceeding. What

happens there may affect the whole trial. Available defenses may be as irretrievably lost, if not then and there asserted, as they are when an accused represented by counsel waives a right for strategic purposes. Cf. Canizio v. People of State of New York, 327 U.S. 82, 85–86, 66 S.Ct. 452, 453, 90 L.Ed. 545 [547, 548]. In Powell v. State of Alabama, 287 U.S. 45, 69, 53 S.Ct. 55, 64, 77 L.Ed. 158 [170] [84 A.L.R. 527], the Court said that an accused in a capital case 'requires the guiding hand of counsel at every step in the proceedings against him. Without it, though he be not guilty, he faces the danger of conviction because he does not know how to establish his innocence.' The guiding hand of counsel is needed at the trial 'lest the unwary concede that which only bewilderment or ignorance could justify or pay a penalty which is greater than the law of the State exacts for the offense which they in fact and in law committed.' Tomkins v. State of Missouri, 323 U.S. 485, 489, 65 S.Ct. 370, 372, 89 L.Ed. 407 [413]. But the same pitfalls or like ones face an accused in Alabama who is arraigned without having counsel at his side.

"When one pleads to a capital charge without benefit of counsel, we do not stop to determine whether prejudice resulted. Williams v. Kaiser, 323 U.S. 471, 475, 476, 65 S.Ct. 363, 366, 89 L.Ed. 398 [402]; House v. Mayo, 324 U.S. 42, 45–46, 65 S.Ct. 517, 520, 89 L.Ed. 739, 741, 742; Uveges v. Commonwealth of Pennsylvania, 335 U.S. 437, 442, 69 S.Ct. 184, 186, 93 L.Ed. 127 [132]. In this case, as in those, the degree of prejudice can never be known. Only the presence of counsel could have enabled this accused to know all the defenses available to him and to plead intelligently."

The judgment of the court below is hereby

Reversed and remanded.