199 So.2d 839

**David PERKINS**

v.

**STATE of Alabama.**

**6 Div. 441.**

Supreme Court of Alabama.

June 1, 1967.

David Perkins, pro se.

MacDonald Gallion, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

MERRILL, Justice.

Appellant filed a petition for writ of error coram nobis in the Circuit Court of Jefferson County. The court granted the State's motion to dismiss and this appeal followed. We think the trial court erred in dismissing the petition without a hearing.

The petition shows that it was not drawn by one learned in the law, but the Attorney General concedes in brief that it raises four points: (1) that petitioner was not carried before a magistrate promptly upon arrest; (2) that he did not have an attorney at ar-

raignment; (3) that he was not adequately defended by appointed counsel; and (4) that he was coerced into pleading guilty.

The first paragraph of the judgment entry in the record before us reads:

"This the 9th day of November, 1950, came Emmett Perry, Solicitor, who prosecutes for the State of Alabama, and also came the defendant in his own proper person and by attorney, and the defendant being in open Court, by leave of Court first had and obtained, withdraws his plea of not guilty heretofore interposed upon arraignment in this cause, and now enters his plea of guilty to murder in the first degree, as charged in the indictment, and thereupon came a jury of good and lawful men, to-wit: Gaines Q. Acton and eleven others, who being empanelled and sworn according to Law, upon their oaths do say: 'We the jury find the defendant guilty of murder in the frist degree as charged in the indictment and fix his punishment at life imprisonment in the penitentiary.' "

It will be noticed that this entry refers to "his plea of not guilty heretofore interposed upon arraignment in this cause." But the record before us is silent as to whether he was represented by an attorney at arraignment. We cannot presume, as argued in the State's brief, that the trial court checked on the matter of whether the accused was represented by counsel when he was arraigned. In the absence of waiver, it is required that a defendant accused of a felony be represented by counsel on arraignment. Knight v. State, 42 Ala.App. 672, 178 So.2d 101.

We also hold that the petitioner should have been heard on his allegation that he "was compelled to plead guilty and 'cop out' for a life term."

The petition should not have been dismissed and petitioner has alleged enough, whether or not it can be sustained by proof, to warrant a hearing on his petition.

The judgment dismissing the petition is reversed and the cause is remanded.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.