282 So.2d 74

**Michael MERRITT, alias**

v.

**STATE.**

**5 Div. 154.**

Court of Criminal Appeals of Alabama.

Aug. 14, 1973.

Ruth S. Sullivan, Dadeville, for appellant.

William J. Baxley, Atty. Gen., and Otis J. Goodwyn, Jr., Asst. Atty. Gen., for the State.

CATES, Presiding Judge.

Assault with intent to murder: sentence three years imprisonment.

The minute entry of the judgment reads in pertinent part as follows:

"This is the 14th day of August, 1972, in open Court came the State of Alabama, by its District Attorney, and the Defendant in his own proper person and with his attorney and the defendant having theretofore on the 4th day of August, 1972, been arraigned on the indictment in this case charging him with the offense of Assault with intent to Murder to which said indictment on arraignment the defendant plead not guilty and not guilty by reason of insanity and the trial of this case having been regularly set for this day, thereupon, in open Court on this day in the presence of the District Attorney, Defendant's attorney, and defendant, came a jury of good and lawful men, to-wit: O. T. Catchings, Foreman, and eleven others, who, having been duly empanelled and sworn according to law, who, having heard the evidence and the charge of the court, upon their oaths, in open Court on this day in the presence of the District Attorney, Defendant's attorney, and Defendant, do say: 'WE, THE JURY, FIND THE DEFENDANT GUILTY OF ASSAULT WITH INTENT TO MURDER AS CHARGED IN THE INDICTMENT AND FIX HIS PUNISHMENT AT THREE (3) YEARS.'

"Thereupon, in open Court on this day the defendant being asked by the court if he had anything to say why the judgment and sentence of the law should not passed upon him replied: 'he had not'; It is therefore considered and adjudged by the court that the defendant is guilty of the offense of Assault with intent to murder as charged in the indictment and that his punishment is fixed at imprison-

ment in the penitentiary of the State of Alabama for a term of three (3) years."[1]

The failure of the record to show that appellant was attended by counsel at arraignment was error apparent on the record. Perkins v. State, 281 Ala. 139, 199 So.2d 839; Knight v. State, 42 Ala.App. 672, 178 So.2d 101; Sashner v. State, 46 Ala.App. 407, 243 So.2d 390.

The judgment below is due to be reversed and the cause remanded for trial de novo.

Reversed and remanded.

All the Judges concur.

---

1. The minute entry shows the jury fixing the punishment whereas the transcript of testimony shows that the judge refused to accept a verdict with the punishment. Since there must be another trial the error by the clerk is not material.