332 So.2d 165 (1976)
David S. ROGERS
v.
STATE.
1 Div. 641.
Court of Criminal Appeals of Alabama.
February 3, 1976.
Rehearing Denied March 9, 1976.
Thomas M. Haas and Neil L. Hanley, Mobile, for appellant.
William J. Baxley, Atty. Gen., and Sam L. Webb, Jr., Asst. Atty. Gen., for the State.
*166 BOWEN W. SIMMONS, Supernumerary Circuit Judge.
Appellant's petition for a Writ of Error Coram Nobis, filed and heard in the Circuit Court of Baldwin County, was denied by the trial Judge. This appeal is from the judgment denying the petition.
The record indicates that appellant was indicted in Baldwin County for buying, receiving, concealing or aiding in concealing, one 30-06 Remington automatic rifle, the value of $250.00, the property of the State of Alabama, knowing that it was stolen, etc.
Defendant, with his father, appeared before the trial Judge on April 12, 1974, and entered a plea of guilty to the offense, was adjudged guilty, and sentenced to three years imprisonment in the State penitentiary. He was put on probation, which was revoked after a hearing. Hence, this petition for a review of the plea of guilty to the offense.
Contention was made that in accepting the plea of guilt the trial court did not comply with the mandates of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. After reviewing the certified transcript (by the Court Reporter) of proceedings and colloquy between the trial Judge and defendant and his father (who was present with his son) at the time of the plea we are constrained to agree.
For aught appearing in this transcript, which the Court Reporter testified was correct, the indictment was never read to defendant at the time of the plea, nor does it appear that defendant was informed of contents of the indictment or an explanation made to him concerning the charge made in the indictment. Seemingly, the Court assumed that defendant knew what the indictment contained and knew what facts constituted the charge and the law with respect thereto.
It appears that the defendant was 22 years of age when the plea of guilty was received and that he and his father were interrogated by the Court.
The record of the colloquy indicates that defendant was not represented by a lawyer at the time. The father said that he (the father) was able to hire a lawyer; no mention was made about the son's ability to hire a lawyer. The son being of age, there was no legal obligation on the part of the father to hire the lawyer. No contention was asserted that the son wanted a lawyer; or that he had ever been advised by a lawyer with respect to the nature of the charge, or was in anywise informed as to the legal aspect of the alleged offense. The father said that his son had the rifle. The son made no statement with respect to such possession. The son made no affirmative waiver of a lawyer, neither did he expressly assert that he wanted one or was not financially able to hire one.
The Court in Boykin, said:
"What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence. When the judge discharges that function, he leaves a record adequate for any review that may be sought * * *, and forestalls the spinoff of collateral proceedings that seek to probe murky memories.
"The three dissenting justice in the Alabama Supreme Court stated the law accurately when they concluded that there was reversible error `because the record does not disclose that the defendant voluntarily and understandingly entered his pleas of guilty.' 281 Ala. [659], at 663, 207 So.2d [412], at 415."
It is possible, maybe probable, that the trial judge was so dismayed and displeased with the defendant's personal dress that he overlooked some essentials in the colloquy *167 with the defendant. We quote the judge's comments as follows:
"THE COURT: Of course, you will be required to pay the Court costs and as I said, get rid of that pony tail. It is not a fobia [sic]. If these people don't want to wear their hair like a man, that is their prerogative, but it is one indication that a man is out of tune with society and if he wants help, he has to get in step."
At the hearing on the instant petition the trial judge expressed his displeasure and unhappiness with the Supreme Court of the United States as follows:
"THE COURT: They put a lot of stuff in it; I have never been able to get away from the fact when you ask a man: `Do you want to plead guilty''Did you actually commit the crime you are pleading guilty to''Did anybody promise you anything to get you to plead'In Alabama we had sensible rules until the damn Supreme Court went crazy. Before you could bring any kind of attack after the plea, one of the things you had to do was say you were innocent and swear you could prove your innocence. This is a lot of Balonythis boy knew what he was doing and his father, too, and I accomodated them and I deny the motiondeny the petition for error coram nobis."
The reaction of the trial judge as above indicated fails to obviate the mandates of Boykin for it is obvious from the record that defendant did not have an attorney present when he entered his plea of guilty; and further, that the Court did not read or cause the indictment to be read to defendant; nor was any explanation imparted to the defendant as to the legal aspects or elements of the accusation in the indictment. The mere fact that defendant's father told the Court that defendant "bought the gun from a person he can't identify" was not sufficient. Neither was it sufficient that the Court observed to defendant, "You are pleading guilty because you actually committed the offense". (No response). We again repeat that it is not shown that defendant knew or was informed as to the nature or elements of the offense, or that he ever knew what the offense was.
The trial court will proceed forthwith after this reversal and remand to enter proper order or judgment vacating the plea of guilty and the judgment of guilt on the pleading, and cause the case to be restored to the proper docket for lawful disposition. Likewise it will vacate the revocation of probation and the order granting probation. The indictment will stand as though no plea had ever been entered. The defendant will be arraigned according to law. Perkins v. State, 281 Ala. 139, 199 So.2d 839; Merritt v. State, 50 Ala.App. 635, 282 So.2d 74.
The judgment denying appellant's petition for writ of error coram nobis is reversed and the cause remanded with directions.
The foregoing opinion was prepared by Hon. BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur.

ON REHEARING
BOWEN W. SIMMONS, Supernumerary Circuit Judge.
The State in its brief claims that coram nobis is not an appropriate remedy where there has been a prior plea of guilty. See Mayton v. State, 52 Ala.App. 626, 296 So.2d 249, and Arledge v. State, (7 Div. 415, 1976) 57 Ala.App. 553, 329 So.2d 613.
*168 Every rule is tested by its exceptions. Here we have a defendant without counsel pleading guilty. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, requires such representation unless fully and fairly waived. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562. Our prior decisions have, in effect, denominated trial without unwaived counsel as such a lack of due process as to amount to a nullity. See Barnes v. State, 42 Ala.App. 504, 169 So.2d 313, and Brown v. State, 42 Ala.App. 690, 170 So.2d 504; see also, Brown v. State, 277 Ala. 353, 170 So.2d 504.
We hold that the lack of counsel makes coram nobis a proper writ.
APPLICATION OVERRULED.
All the Judges concur.