I would quash the writ as being improvidently granted, and thus agree with the decision of the Court of Criminal Appeals.
Reading the defendant's answers to the trial judge's questions leads me to conclude that the defendant did not knowingly enter a guilty plea. It appears to me that he was so confused he didn't understand the guilty plea.
JONES, J., concurs.
 ON APPLICATION FOR REHEARING
We are urged in the application for rehearing to reconsider "whether the record of a guilty plea hearing must reflect that defendant admits having committed each element of the offense to which he is pleading guilty." The decisions of our courts indicate that the defendant must be fully informed of all the elements of the offense. See, e.g., Rogers v. State,332 So.2d 165 (Ala.Cr.App.), cert. denied, 332 So.2d 168 (Ala. 1976). This does not necessitate that the defendant admit having committed each element of the offense where, as here, he has pleaded guilty to the charge of attempted robbery. Once the defendant is aware of the elements of an offense, and pleads guilty as charged, this constitutes an admission of every element of the crime. Barnes v. State, 354 So.2d 343
(Ala.Cr.App. 1978).
The following exchange clearly indicates that Russell was aware of and admitted to the offense with which he was charged:
 "THE COURT: Now, you tell me what you did. You have got to tell me what you did, or I am not going to let you plead guilty.
 "THE DEFENDANT: Well, I guess I went in there and attempted to rob.
 "THE COURT: You went in there to attempt to rob one of these ladies here?
"THE DEFENDANT: Yes.
"THE COURT: And that's what you did?
"THE DEFENDANT: No I didn't do it.
"THE COURT: You attempted to rob them?
"THE DEFENDANT: Yes.
"THE COURT: But you didn't ever rob them?
"THE DEFENDANT: No, sir."
The defendant admitted to attempted robbery and it was not necessary, as urged by counsel, that in this colloquoy he admit specifically to each element.
We have also reconsidered whether the defendant was aware that possession of a deadly weapon was an element of the offense. We are still of the opinion that he was aware of this element. The indictment included a reference to the use of a deadly weapon. Although defendant waived a reading of the indictment, he is nonetheless charged with knowledge of its contents. Further, the defendant executed an "Ireland" form which indicated, "my lawyer has explained to me the elements of this crime and the punishment therefor and I understand them." See, Ireland v. State, 47 Ala. App. 65, 250 So.2d 602
(Ala.Cr.App. 1971). Finally, the judgment specifically states that the trial court had ascertained that the defendant was aware of the nature of the crime charged in the indictment. Thus, we cannot say that defendant was unaware of the elements of the offense, and the trial court was not in error in accepting his guilty plea.
APPLICATION FOR REHEARING OVERRULED; OPINION EXTENDED.
JONES, ALMON, SHORES, EMBRY and ADAMS, JJ., concur.
FAULKNER and BEATTY, JJ., dissent.