ON RETURN TO REMAND ON APPLICATION FOR REHEARING

TAYLOR, Judge.
This court’s opinion of April 16, 1993, on return to remand is hereby withdrawn and the following opinion substituted therefor.
The appellant, Michael Lancaster, pleaded guilty on May 20, 1986, in the Circuit Court for Houston County to the unlawful possession of cocaine. In June 1986, the appellant was conditionally sentenced to 10 years’ imprisonment. He was to reappear later for final sentencing. However, before the final sentencing, he began serving a 12-year sentence on an unrelated federal charge. At the final sentencing hearing held in July 1986, at which he was not present, he was sentenced to 10 years in prison.
The appellant filed a petition for post-conviction relief pursuant to Rule 32, A.R.Crim.P., alleging that the trial court judge was without jurisdiction to sentence him because he was not present at the final sentencing hearing. That petition was summarily denied by the trial court, and the appellant appealed. After finding that the appellant’s presence at sentencing could not be waived, we remanded the case to the Circuit Court for Houston County, with directions to hold an evidentiary hearing to determine whether the appellant’s allegation had merit. Lancaster v. State, 638 So.2d 1370 (Ala.Cr.App.1993).
At the hearing the following occurred:
“The Court: ... I am going to affirm ... that Mr. Lancaster was denied due process in not being present at the final sentencing hearing, and/or probation hearing conducted by Judge" Storey....
[[Image here]]
“The Court: Were you in the federal penitentiary at the time of this trial? Or did you go there afterwards? Or [at] the time of the plea? I’m sorry.
“The Defendant: I was out on bond, Your Honor. I was sentenced — I appeared in Alabama May the 20th, 1986. It was June the 4th of the same year [when] I was sentenced by the federal authorities.
“The Court: Let’s see.
“The Defendant: I do admit, Your Hon- or—
“The Court: By July, you were in the federal penitentiary?
“The Defendant: Excuse me, sir.
“The Court: By July of ’86, you were in the federal penitentiary?
“The Defendant: Yes, sir, I was.”
The above dialogue establishes that the appellant was not present at his final sentencing hearing in Houston County in July 1986. After this dialogue with the appellant, the court resentenced the appellant to two and one-half years in prison, and gave him credit for the time he had served in the state penitentiary since August 1992. The judgment in this cause is due to be affirmed.
OPINION WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
RULE 39(k) MOTION DENIED, APPLICATION FOR REHEARING OVERRULED.
All the Judges concur except BOWEN, P.J., who adheres to his dissent as expressed in the opinion on original submission.