TAYLOR, Presiding Judge.
The appellant, Nettie Mae Weakley, pleaded guilty to the unlawful distribution of a controlled substance, specifically cocaine, a violation of § 13A-12-211, Code of Alabama 1975. She was sentenced to five years in the state penitentiary.
The appellant contends that her constitutional rights were violated because she was not represented by counsel at her arraignment. The record makes no mention that the appellant was represented by counsel at the arraignment hearing. In fact, the case action summary contains the following notation: “3-14-96. The defendant appeared in court and pled not guilty. Will hire an attorney. Trial set April 15, 1996, at 8:30 a.m., with pretrial April 10, 1996, at 8:30 a.m.” An attorney was not appointed for the appellant until April 9,1996.
In its brief to the court, the state correctly argues that a voluntary plea of guilt waives all nonjurisdictional defects, unless the defendant specifically reserves an issue for purposes of appeal. Prim v. State, 616 So.2d 381 (Ala.Cr.App.1993). The question becomes: Is the right to counsel at arraignment a jurisdictional issue not subject to waiver by a plea of guilt?
“Things that have been held to be subject to waiver [and, thus, nonjurisdictional,] ... include claims of illegal search and seizure, coerced confession, improper grand jury selection, and denial of speedy trial; and a defendant may waive the right to present the entrapment defense. ‘Nineteenth An *234 nual Review of Criminal Procedure: U.S. Supreme Court and Courts of Appeals 1988-89,’ 78 Georgetown L.J. 853 at 1006 (April 1990). However, a guilty plea does not waive such jurisdictional challenges to a conviction as an argument that the indictment failed to charge an offense or that the court lacked subject matter jurisdiction. Id. at 1007.”
Gordon v. Nagle, 647 So.2d 91, 94 (Ala.1994) (footnotes omitted). In Berry v. State, 630 So.2d 127 (Ala.Cr.App.1993), this Court stated:
“The constitutional ‘right to counsel, or waiver thereof, is an essential jurisdictional prerequisite to the authority to convict an aceused[, and cjonviction without this safeguard is void.’ People v. Carroll, 140 Cal.App.3d 135, 140 189 Cal.Rptr. 327, 331 (Cal.App. 2 Dist.), cert. denied, 464 U.S. 820, 104 S.Ct. 83, 78 L.Ed.2d 93 (1983) (citing Johnson v. Zerbst[, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) ]). Unless a defendant has or waives assistance of counsel, the Sixth Amendment is a jurisdictional bar to a valid conviction and sentence. Johnson v. Zerbst; Stokes v. Singletary, 952 F.2d 1567 (11th Cir.1992); Boruff v. United States, 310 F.2d 918 (5th Cir.1962). See also Lancaster v. State, [638 So.2d 1374] (Ala.Cr.App.1993) (‘the appellant’s ... right to have counsel appointed on appeal [is a] jurisdictional matter[ ]; Lake v. City of Birmingham, 390 So.2d 36, 38 (Ala.Cr.App.1980)) (a record failing to reveal any of the circumstances surrounding the appellant’s self-representation ‘will not support the trial court’s judgment wherein the appellant was sentenced to a loss of liberty’).”
630 So.2d at 130 (footnotes omitted).
In Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961), the United States Supreme Court reversed a judgment in a capital case where the defendant had been convicted after pleading not guilty. In that case, the Court reversed the conviction because the defendant had been arraigned without the assistance of counsel.
The right to counsel at arraignment is jurisdictional. Alabama cases have held that a conviction must be reversed when the record does not affirmatively show that the appellant was represented by counsel at arraignment. The Alabama Supreme Court, in Perkins v. State, 281 Ala. 139, 199 So.2d 839 (1967), in first addressing this issue, stated:
“But the record before us is silent as to whether [the defendant] was represented by an attorney at arraignment. We cannot presume, as argued in the State’s brief, that the trial court checked on the matter of whether the accused was represented by counsel when he was arraigned. In the absence of waiver, it is required that a defendant accused of a felony be represented by counsel on arraignment.”
199 So.2d at 840. See also Brazzley v. State, 395 So.2d 161 (Ala.Cr.App.1981) (reversible error existed where “[t]he record at arraignment and the judgment entry affirmatively show that appellant was not represented by counsel at arraignment and that he did not waive the presence of counsel”); Drummond v. State, 353 So.2d 546 (Ala.Cr.App.1977) (reversible error existed where “[t]he record at arraignment and the judgment entry affirmatively show that appellant was not represented by counsel at arraignment and that he did not waive arraignment”); Rogers v. State, 332 So.2d 165 (Ala.Cr.App.), cert. denied, 332 So.2d 168 (Ala.1976); Joiner v. State, 57 Ala.App. 177, 326 So.2d 705, n. 3 (1976) (“If arraignment occurs at a court session before trial date, counsel’s presence is mandatory at each session beginning with arraignment unless the cause is continued for attendance of counsel.”); Maynor v. State, 55 Ala.App. 310, 314 So.2d 913 (1975) (reversal is necessary where “[a]t the trial appellant represented himself and the record does not reflect an attorney at arraignment, inquiry as to indi-gency or waiver of counsel”); Garsed v. State, 51 Ala.App. 622, 288 So.2d 161 (1973) (record must affirmatively show that the defendant was afforded counsel at arraignment); Merritt v. State, 50 Ala.App. 635, 282 So.2d 74, 75 (1973) (“The failure of the record to show that appellant was attended by counsel at arraignment was error apparent on the record.”); Knight v. State, 42 Ala.App. 672, 178 So.2d 101 (1965).
Furthermore, the record does not show that the appellant waived her right to counsel *235 at arraignment. In Carnley v. Cochran, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70, 77 (1962), the United States Supreme Court stated:
“Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver.”
Because the appellant was not represented by counsel at her arraignment, her conviction must be reversed. This cause is remanded to the circuit court for Lauderdale County for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur except COBB, J., who concurs specially with opinion.