L. S. MOORE, Supernumerary Circuit Judge.
The appellant, Judy Mae Barnett, was indicted in June, 1975. The indictment charged her with murder in the first degree. Upon the filing of the indictment bail was fixed by the circuit judge at $20,-000 on June 11, 1975. The appellant’s appearance bond was approved by the sheriff on June 14,1975, and she was released from the county jail. The district attorney filed a motion on June 26,1975, to raise the bond from $20,000 to $22,000. This motion was granted without a hearing and without any evidence being taken in support thereof. One of the grounds stated in said motion was:
“Following her release the Defendant returned to her home on East Marion Street, Russellville, Alabama, where she has exhibited a pattern of behavior evidencing a condition likely to cause harm to herself, family or neighbors.”
The appellant was again arrested and returned to jail.
The appellant filed on July 2, 1975, an instrument in which she states she is entitled to a special jury venire for the trial and that the court had not drawn a special venire. The appellant also filed on July 8, *1084 1975, an instrument in which she alleges she is entitled to a special jury venire as required by T. 30, § 63, Code of Alabama; that the court has not drawn a special ve-nire; that the court had excused five jurors, named in the said instrument, without the defendant being present and that the defendant objected to the jury venire on grounds set out. The record does not disclose that any hearing was held or that any ruling was made on either of said instruments.
The appellant, on arraignment on July 1, 1975, entered pleas of not guilty, and not guilty by reason of self defense.
Trial was had and the jury returned the following verdict:
“We the Jury find the defendant guilty of murder in the second degree and fix her punishment at 20 years in the penitentiary.”
The trial court entered Judgment of Conviction and Sentence in accordance with the jury verdict. Hence this appeal.
A motion for a new trial was filed on August 15, 1975, for appellant by counsel that represented her on the trial. On August 27, 1975, said counsel filed a request with the court for permission to withdraw as her attorney. That request was granted and Hon. Joe Gilliland was appointed by the trial court to represent the appellant on this appeal and said attorney filed on August 15, 1975, a second motion for a new trial as follows:
“Comes now the attorney for the defendant, Judy Barnett, and asks the court for a new trial and states as his reason, the fact that the attorney for the defendant failed to even consider insanity of the defendant in the original trial.”
Said attorney filed a written statement with the trial judge in which he made a motion for an order directing that the defendant be sent to the state mental hospital for mental examination and report. In said statement appears the following:
“I have visited the defendant at the jail. It is my impression after visiting with the defendant that she is presently and has in times past suffered from a mental condition. I believe she may be suffering under such mental illness that should be reported to and considered by the court prior to having motion on rehearing. Defendant has a history of previous mental illness, having taken val-ium for a period of thirty years.”
Thereafter, the court entered an order on August 27, 1975, directing the Sheriff of Franklin County, Alabama, as follows:
“You are therefore ordered, as provide [sic] by Section 428 of Title 15 of the Code of Alabama, to transport the said Judy Barnett to Bryce Hospital, Tuscaloosa, Alabama, for observation, examination and evaluation.
“The Bruce [sic] Hospital is directed to report to the Court the results of its investigation specifically whether or not the defendant is considered competent to stand further proceedings on the charge against her.”
On the hearing of the motions for a new trial the appellant testified that she had headaches; that she had a hysterectomy operation when she was 18 or 19 years of age; that she had been taking Valium for her nerves for about eight years; that about six years ago she was in a car accident and two people were killed in it; that her head was injured in it; that she did not tell the attorneys that represented her at the trial about any of those things; that she got straightened back to her senses and that she had spells with her head when she could not think clear like she could at other times.
The appellant was carried to Bryce Hospital on or about September 3, 1975, and was returned to Franklin County Jail October 22, 1975. On October 16, 1975, Bryce Hospital authorities notified the trial judge in writing that Mrs. Judy Barnett “Has been committed .to Bryce Hospital until such time as he/she is ‘restored to his right mind.’ The Forensic Evaluation Board (Jerold S. Lower, Ph.D., Chairman) and the Superintendent are now of the opinion that the above named person is so restored and do, by this writing, inform the Judge * * * yy
*1085 The attorneys that represented the appellant in the trial of this cause, in their motion for permission to withdraw as her counsel, stated:
“Your petitioner avers that he talked to two sisters of the defendant, a brother, and a niece prior to the trial of the case. That your petitioner carefully observed their facial expressions, speech patterns, mannerisms and compared them with those of the defendant. There was a strong similarity between the characteristics of the defendant and her relatives. The strong characteristics which are so noticable [sic] in the defendant were just family pecularities [sic] and not manifestations of insanity. I talked to the defendant about the matter of a plea of not guilty by reason of insanity and she opposed to filing a plea of not guilty by reason of insanity.
“Upon consideration of the many issues which could be offered in evidence by way of rebuttal testimony on a plea of not guilty by reason of insanity we concluded that even though our client had some mannerisms which had offended many local persons in times gone by, that a plea of not guilty by reason of insanity was not proper in her case, and in good faith filed the plea of not guilty and not guilty by reason of self defense.”
The appellant on the hearing of the motion for a new trial did not deny or explain the statements made in said motion by the attorneys who represented her on the trial of the case.
When the State rested its case on the trial of this case in the trial court, the appellant moved to exclude the evidence on the ground that the State had not made out a prima facie case. That motion was denied and overruled by the trial judge.
The appellant, in her motion for a new trial, stated:
“Comes now the attorney for the defendant, Judy Barnett, and asks the court for a new trial and states as his reason, the fact that the attorney for the defendant failed to even consider insanity of the defendant in the original trial.”
There is some difficulty in trying to understand said motion on request, however, if it be given its strongest meaning it is a motion asking the trial judge to grant a new trial and permit a plea of not guilty by reason of insanity. Construed another way it is a motion asking the court to grant a new trial on the ground the attorneys that represented her on said trial were incompetent. Whatever construction may be reasonably giving it an adverse ruling by the trial court on that ground would be legally correct.
The attorneys representing the defendant on said trial were selected by her. She employed them and agreed to pay them a substantial fee. The record reveals they were diligent and vigorous in their efforts, and demonstrated intelligent legal ability. In her testimony on the hearing of the motion for a new trial she makes no assertion that they were not capable attorneys or that they did not efficiently represent her. She did make some effort to show some mental weakness, which fell far short of proving she was insane to such extent as would excuse for crime, or that she was insane at the time of the trial.
There is no evidence that she was treated at Bryce Hospital the brief time she stayed there. The report of the hospital does not, when considered in its context, show prior or present insanity. It does show she was not insane at the time of the report. The evidence taken on the trial does not show such insanity, nor does it present a case that could have raised in the mind of the trial judge a reasonable doubt of her sanity at the time of the trial, or at the time of the commission of the offense charged to her.
There is a total failure to show that a new trial should be granted because her attorneys were incompetent, or that they failed to adequately represent her.
Considering said motion as a delayed effort to enter a plea of not guilty by reason of insanity, it must be remembered it was not made at the arraignment. It was not made at any time during the trial. It comes for the first time after trial, con *1086 viction and final judgment. This is a species of a game of chance the law should not permit, and the law does not permit it.
In Morrell v. State, 136 Ala. 44, 34 So. 208, the facts were stated as follows:
“When the defendant was arraigned for trial she pleaded not guilty, and the cause was set for trial for a succeeding day of the term of the court. When the cause was called for trial on the day set therefor, the defendant, through her attorney, asked leave of the court to withdraw the plea of not guilty and put in the plea of not guilty by reason of insanity. The state objected upon the ground that the plea of not guilty on the ground of insanity came too late. The court sustained the objection, and refused to allow the defendant to withdraw her plea of not guilty, and to this ruling the defendant duly excepted.
“The evidence introduced for the state tended to show that the deceased was the husband of the defendant; that upon the deceased going home one evening he found defendant administering medicine to her sick baby; that the defendant did not fix his supper; that he became enraged, and told the defendant to make haste, and get through giving the medicine to the baby, as he was going to kill her, and then kill himself; that he loaded the gun in the presence of the defendant, and sat it down by him; that he then laid down upon a pallet upon the floor, and continued to abuse the defendant; that after awhile he fell asleep, and when the defendant had finished with the baby she took the gun which he had loaded, and stepping a few feet.from the deceased, she leveled the gun at his head and fired, killing him instantly.”
The opinion then stated:
“Section 4939 of the Code requires that ‘when the defense of insanity is set up in any criminal prosecution it must be by special plea, interposed at the time of arraignment,’ etc. Defendant’s absolute right to defend on the ground of insanity was lost by her failure to plea to that end when she was arraigned, and her right to thereafter interpose that defense was subject to the trial court’s discretion. If it be conceded that the court’s action in that regard can properly be reviewed, the revision cannot extend beyond the ascertainment of whether there was an abuse of discretion; and that there was such abuse in the present case does not appear.”
In Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114, on appeal from the Supreme Court of Alabama, and decided November 13, 1961, Mr. Justice Douglas in expressing the unanimous view of the court said:
“Arraignment under Alabama law is a critical stage in a criminal proceeding. It is then that the defense of insanity must be pleaded (15 Ala.Code, § 423), or the opportunity is lost. Morrell v. State, 136 Ala. 44, 34 So. 208. Thereafter that plea may not be made except in the discretion of the trial judge, and his refusal to accept it is ‘not revisable’ on appeal. Rohn v. State, 186 Ala. 5, 8, 65 So. 42. Cf. Garrett v. State, 248 Ala. 612, 614-615, 29 So.2d 8, 9. Pleas in abatement must also be made at the time of arraignment. 15 Ala.Code § 279. It is then that motions to quash based on systematic exclusion of one race from grand juries (Reeves v. State, 264 Ala. 476, 88 So.2d 561), or on the ground that the grand jury was otherwise improperly drawn (Whitehead v. State, 206 Ala. 288, 90 So. 351), must be made.
“Whatever may be the function and importance of arraignment in other jurisdictions, we have said enough to show that in Alabama it is a critical stage in a criminal proceeding. What happens there may affect the whole trial. Available defenses may be as irretrievably lost, if not then and there asserted, as they are when an accused represented by counsel waives a right for strategic purposes. Cf. Canizio v. New York, 327 U.S. 82, 85, 86, 66 S.Ct. 452, 90 L.Ed. 545.”
We now consider the appellant’s motion to exclude the evidence.
*1087 The State’s evidence clearly shows the appellant killed the deceased by shooting him with a gun; that he died as a result thereof; that she had made repeated threats to do so. There was substantial evidence of the guilt at the time said motion was made. A jury question was presented. The motion was correctly overruled. Stephens v. Town of Blountsville, 37 Ala.App. 219, 66 So.2d 196.
The defendant’s requested written charges, Nos. 1 through 19 were refused by the trial court. Those charges fall in two classes: (1) Incorrect statements of the law, or (2) they were covered by the oral charge of the court to the jury. Therefore, errors are not shown by their refusal.
The appellant’s objection to being put to trial without a special venire as required by T. 30, § 63, is without merit. In Scott v. State, Ala.Cr.App., 331 So.2d 759, (rehearing denied March 9, 1976) the Court said [quoting from Fisher v. State, 57 Ala.App. 310, 328 So.2d 311]:
“The appellant challenges the trial court’s ruling that capital felonies are now to be considered non-capital felonies since Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). Appellant’s challenge of the venire is based upon the recent ruling of the Alabama Supreme Court in Ex parte Bynum, Jr., 294 Ala. 78, 312 So.2d 52 (1975). There the Court held that ‘capital offenses’ still exist in Alabama stating, ‘ . . . The only effect of Furman was to eliminate the imposition of the death penalty as it was then enforced, and not to eliminate the classification whereby crimes are categorized as capital for purposes other than punishment.’
“Contrary to the broad language employed by the Supreme Court in Bynum, we are of the opinion that the Court was addressing itself solely to the question of bail. The purpose for a special venire in ‘capital cases’ was to give a defendant, on trial for his life, an additional safeguard not given to those where only their liberty was at stake. At the time Act No. 532, supra, and Title 30, § 63, Code of Alabama 1940, were enacted, the only distinction between ‘capital’ and ‘non-capital’ cases was the possible imposition of the death penalty. Since the imposition of the death penalty has been suspended, there is no rational justification for a special venire in a case formerly classified as ‘capital’ where the maximum punishment is now the same as in a ‘non-capital’ ease.
“Should the legislature ever enact a death penalty statute which meets all the constitutional tests for validity, then such special venire statutes would again become applicable, in our opinion. We do not believe the Alabama Supreme Court intended that its reasoning in the Bynum decision should be extended to require a special venire in cases where the death penalty cannot be imposed.”
In Scott, supra, the opinion continues:
“We think our pronouncements in Fisher, supra, have application to the instant ruling of the court with respect to excu-sáis; also, sustain our holding in Usrey [Usrey v. State, 54 Ala.App. 448, 309 So.2d 485] and Dean [Dean v. State, 54 Ala.App. 270, 307 So.2d 77].”
The appellant in the case at bar was indicted, tried, convicted and sentenced before the effective date of Act No. 213, Acts of Alabama, 1975, Vol. 1, page 701, approved September 9, 1975, which provides for the death penalty in certain enumerated cases. Furthermore, the indictment did not contain averments necessary under the provisions of said Act had it been in effect.
Therefore, a special venire was not required and jurors could legally be excused without the presence of the defendant-appellant.
The court has searched the record in accordance with our statutory duty and found no reversible errors therein. Therefore, the judgment below is affirmed.
The foregoing opinion was prepared by Supernumerary Circuit Judge L. S. MOORE, serving as a judge of this Court under Section 2 of Act No. 288 of July 7, 1945, as amended; his opinion is hereby *1088 adopted as that of the Court. The judgment of the trial court is hereby
AFFIRMED.
All the Judges concur, except CATES, P. J.-, who was not sitting.