Tommy Floyd was convicted of murdering Elbert Lee Jackson during the course of a robbery, in violation of section13A-5-40 (a)(2), and was sentenced to death. The Court of Criminal Appeals remanded the case to the trial court because the record contained no transcript of the sentencing hearing.Floyd v. State, 486 So.2d 1309 (Ala.Crim.App. 1984). On remand, another sentencing hearing was conducted and Floyd was again sentenced to death. The Court of Criminal Appeals examined the defendant's arguments, found them to be without merit, and after independently determining that the death sentence was appropriate, affirmed Floyd's conviction and sentence. Floyd v.State, 486 So.2d at 1315 (on return, to remand). We granted Floyd's petition for writ of certiorari to review the Court of Criminal Appeals' judgment, because the death penalty was imposed. Rule 39 (c), A.R.App.P.
The Court of Criminal Appeals' decision contains a detailed recitation of the facts. Briefly stated, the facts are as follows. Floyd and two confederates hailed a cab at the Trailways Bus Station in Montgomery and asked to be taken to Madison Park. When the cab arrived at its destination, one of the robbers grabbed the driver from behind while Floyd grabbed the gear-shift lever and shifted the automobile's transmission into the "park" position. Floyd and his accomplices then dragged the driver from the vehicle, robbed him of about $30.00, beat, kicked, and stomped him, tied him by his neck to a tree, and ran over him with the cab. The killers then took the cab and drove it until it ran out of gas. Floyd netted about $8.00 as his share of the proceeds of the robbery.
In his petition and brief to this Court, Floyd raised two issues:
(1) Whether the State should have been required to elect which of the eight counts of the indictment would go to the jury.
(2) Whether imposition of the death penalty was appropriate.
Both of these issues were raised by the defendant in the Court of Criminal Appeals. They were addressed in detail by the Court of Criminal Appeals and we are in accord with that court's analysis and resolution of those issues. In addition to addressing the issues raised by Floyd, the Court of Criminal Appeals examined the record for any plain error or defect in the proceedings which might have adversely affected the defendant's substantive rights, Rule 45A, A.R.App.P., and it reviewed the propriety of the death sentence, in accordance with Alabama Code (1975), § 13A-5-53.
We are of the opinion that the Court of Criminal Appeals decided the issues correctly, and we are in accord with that court's opinion. With regard to Floyd's arguments that the death penalty was inappropriate, we wish to expand on the Court of Criminal Appeals' opinion by pointing out the following. The defendant's argument that he should have been sentenced to life without parole is premised on his assistance in the prosecution of his co-defendants by testifying against them. Floyd's cooperation in the prosecution of his co-defendants came only after his own conviction. The trial court considered that fact in weighing the mitigating and the aggravating circumstances but found that the mitigating circumstance of cooperation with the State was outweighed by the aggravating circumstances of the case. While it is not inappropriate to consider the cooperation of the defendant, the court did not err *Page 1323 
in failing to conclude that Floyd's cooperation was of such great weight as a mitigating factor that it mandated a life sentence.
Having considered the petition, the briefs, and the opinion of the Court of Criminal Appeals, and having made an independent examination of the record for plain error or defects in the proceeding, we are of the opinion that the judgment of the Court of Criminal Appeals upholding Floyd's conviction and death sentence is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES, BEATTY, ADAMS and HOUSTON, JJ., concur.