We granted the State's petition for the writ of certiorari to review the judgment of the Court of Criminal Appeals reversing the conviction of Nettie Mae Weakley for distribution of a controlled substance in violation of § 13A-12-211, Ala. Code 1975. We address the issue whether the lack of counsel at Weakley's arraignment mandates that her conviction be reversed, even though she was represented by counsel at a rearraignment. Because we conclude that it does not, we reverse the judgment of the Court of Criminal Appeals and remand.
On March 14, 1996, Nettie Mae Weakley pleaded not guilty, without counsel. On June 7, 1996, she was rearraigned, with the benefit of counsel; at the rearraignment she signed a plea agreement and an "explanation of rights and plea of guilty" form and pleaded guilty to one count of unlawful distribution of a controlled substance. She was found guilty of the offense charged. On August 1, 1996, she was ordered to serve five years in the state penitentiary. The Court of Criminal Appeals reversed the conviction and remanded the case, holding, in reliance on Hamilton v. Alabama, 368 U.S. 52,82 S.Ct. 157, 7 L.Ed.2d 114 (1961), that because Weakley was not represented by counsel at her initial arraignment, her conviction must be reversed. See Weakley v. State,721 So.2d 233 (Ala.Cr.App. 1997).
The State contends that Weakley is not entitled to a reversal of the conviction because of her initial lack of counsel, because she did not preserve that error for review and because she was rearraigned with the benefit of counsel. However, Weakley contends that her constitutional rights were violated by the absence of counsel at her initial arraignment, and she contends that, pursuant to Hamilton and a line of subsequent cases, her conviction was due to be reversed.
Although the record is not clear as to whether Weakley was in fact not represented by counsel at her initial arraignment, the record strongly suggests that Weakley did not have a lawyer; at arraignment the trial court entered on the case action summary sheet a notation that Weakley "will hire an attorney." Consistent with Weakley's argument, we will assume that she did not have counsel at the initial arraignment.
The right of a defendant to have counsel present at arraignment is a jurisdictional prerequisite to a conviction. SeeJohnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019,82 L.Ed. 1461 (1938); Stokes v. Singletary, 952 F.2d 1567
(11th Cir. 1992).
In Hamilton, supra, a capital offense case, a defendant was sentenced to death for breaking and entering a dwelling at night with intent to ravish. 368 U.S. at 52,82 S.Ct. 157-58. At arraignment, the defendant pleaded not guilty, without the benefit of counsel; the defendant was not subsequently rearraigned with counsel. Id. Holding that arraignment is such a critical stage in a criminal proceeding that denial of counsel at *Page 237 
that stage nullifies a conviction, the United States Supreme Court reversed the conviction. The Court reasoned that "[a]vailable defenses may be as irretrievably lost, if not then and there asserted, as they are when an accused represented by counsel waives a right for strategic purposes." Id.
at 54, 82 S.Ct. 157. The Court stated, "In Powell v.Alabama, 287 U.S. 45, 69, 53 S.Ct. 55, 77 L.Ed. 158, the Court said that an accused in a capital case `requires the guiding hand of counsel at every step in the proceeding against him,'" and "When one pleads to a capital charge without benefit of counsel, we do not stop to determine whether prejudice resulted." 368 U.S. at 54-55, 82 S.Ct. 157 (citations omitted).
However, in this noncapital case we are compelled to review the circumstances and to determine if the rearraignment cured the error of lack of counsel at the initial arraignment.
The purpose of an arraignment is to formally charge a defendant with an offense and to allow a plea. O'Neal v. State,494 So.2d 801 (Ala.Cr.App. 1986). As previously stated, the record is not clear as to whether Weakley appeared for her initial arraignment on March 14, 1996, without an attorney. However, the court's case action summary sheet contains this entry: "The defendant appeared in court and pled not guilty.Will hire an attorney. Trial set April 15, 1996, at 8:30 a.m., with pretrial April 10, 1996, at 8:30 a.m." (Emphasis added.) On April 9, 1996, a lawyer, G. Jean Darby, was appointed to represent Weakley. On June 7, 1996, Weakley appeared at a rearraignment, with the benefit of counsel. At that time, the purpose of arraignment was met. Weakley was advised of the offense of which she was charged and was shown a copy of her plea agreement and the "explanation of rights and plea of guilty form" that she had previously signed. During an extensive colloquy with the court, Weakley stated that she had voluntarily and knowingly entered into these agreements, and she acknowledged her signature on them. The court also advised Weakley of her unqualified constitutional right to a trial by jury. The court orally asked Weakley how she pleaded to the charged offense, and she responded, "Guilty." After entering a plea of guilty, Weakley was adjudged to be guilty. Weakley's attorney was also present at her sentencing hearing.
Although error occurred at Weakley's initial arraignment, the error was cured at her rearraignment; therefore, we find no violation of the rule set out in Hamilton v. Alabama.
It would be burdensome and redundant to require a reversal of the conviction in this case and have yet another arraignment. Weakley's rearraignment was sufficient, and no prejudice resulted from the error at the first arraignment.
The judgment of the Court of Criminal Appeals is reversed and the case is remanded for an order or proceedings consistent with this opinion.
REVERSED AND REMANDED.*
HOOPER, C.J., and MADDOX, ALMON, SHORES, and HOUSTON, JJ., concur.
SEE and LYONS, JJ., concur specially.
* Note from the reporter of decisions: On June 19, 1998, after the remand from the Supreme Court, the Court of Criminal Appeals affirmed the judgment of the circuit court, without opinion.