McMILLAN, Presiding Judge.
The appellant, Tony Devaughn Coleman, filed a Rule 32, Ala. R.Crim. P., petition, attacking his convictions for felony murder, first-degree robbery, first-degree burglary, and first-degree kidnapping. He had been sentenced to life imprisonment on each conviction, the sentences to be served concurrently. On direct appeal, this Court affirmed Coleman’s convictions and sentences by an unpublished memorandum. Coleman v. State, 836 So.2d 999 (Ala.Crim.App.2001) (table).
In this, his second Rule 32 petition, Coleman argued the following: (1) that the indictment against him was void because, he says, it did not cite the correct statutes under which he was being charged; (2) that the trial court erred in instructing the jury on the lesser offense of felony murder when Coleman was charged with capital murder; (3) that the trial court improperly sentenced him after he was acquitted on the capital-murder charges; (4) that he was “subjected to selective prosecution” by the State because he is an African-American; (5) that the Alabama Constitution of 1901 is unconstitutional; and (6) that he was subjected to double jeopardy when the jury found him not guilty of capital murder but guilty of first-degree robbery, first-degree burglary, first-degree kidnapping, and felony murder. Without requiring a response from the State, the trial court summarily dismissed Coleman’s petition. The order of dismissal stated in part:
“1. At page 2 in his Brief, Petitioner claims that because he was found not guilty of Capital Murder, ‘the trial court illegally sentenee[d] him to life in prison.... ’
“FINDINGS: Petitioner was found guilty of lesser included offenses and properly sentenced. This non-jurisdictional claim is barred by the one-year period of limitations. Rule 32.2(c). The petition is successive and Petitioner has failed to show why it is not. Rule 32.2(b). This claim is also absolutely disingenuous and meritless. This claim is summarily dismissed.
“2. At page 2 in the Brief, Petitioner contends that Count 1 of his indictment is void because it reads as murder during a burglary yet cites the Code for Robbery.
“FINDINGS: Count 1 as it was amended by this Court clearly describes robbery and cites the correct Code section. Petitioner here is either mistaken or has a selective memory. He objected to these amendments at trial. Therefore, he is not entitled to relief on any jurisdictional grounds. The claim is barred by limitations. Rule 32.2(c). The petition is successive and Petitioner fails to show why it is not. Rule 32.2(b). This claim is summarily dismissed.
“3. At page 2 in the Brief, Petitioner contends that Count 2 of his indictment is void because it charges murder during a kidnaping yet cites ‘13A-7-5(a)(4).’ He states that ‘... there is no such statute as 13A-7-5(a)(4).... ’
*893 “FINDINGS: Count 2 as it was amended by this Court clearly describes burglary and cites the correct Code section (T3A-7-5(a)(l)’)- Again, Petitioner is either mistaken or has a selective memory. He objected to these amendments at trial. Therefore, he is not entitled to relief on any jurisdictional grounds. The claim is barred by limitations. Rule 32.2(c). The petition is successive and Petitioner fails to show why it is not. Rule 32.2(b). This claim is summarily dismissed.
“4. At page 3 in the Brief, Petitioner basically re-states claim 1., above, but apparently adds the claim that this Court erred when it instructed the jury on lesser offenses and did not let him ‘walk.’
“FINDINGS: This nonsensical, non-jurisdictional claim is barred by the limitations period. Rule 32.2(c). It is also barred since the petition is successive. Rule 32.2(b). It is summarily dismissed. “5. Also at page 3, Petitioner basically claims that he is in prison because he is a ‘Negro,’ to use his term.
“FINDINGS: This even more nonsensical, non-jurisdictional claim is barred by the limitations period. Rule 32.2(c). It is also barred since the petition is successive. Rule 32.2(b). It is summarily dismissed.”
A review of the record reveals that Coleman challenged the trial court’s amendment of his indictment at trial; therefore, this claim is barred by Rule 32.2(a)(2). The remaining issues, other than the sixth issue, presented in the Rule 32 petition could have been, but were not, raised either at trial or on appeal. Rule 32.2(a)(3) and (5).[1]
However, the appellant’s contention that he was subjected to double jeopardy has merit. He was properly indicted for murder made capital because it was committed during a robbery, murder made capital because it was committed during a burglary, and murder made capital because it was committed during a kidnapping.[2] The jury was instructed on the lesser-included offenses of robbery, burglary, kidnapping, and felony murder. The jury was instructed as to the felony-murder charge as follows:
“[A] person commits the crime of a felony murder, in this particular case, if he commits or attempts to commit burglary in the first degree, kidnapping in the first degree, or in immediate flight from the commission of one of those crimes. That he is committing or attempting to commit, i.e., the robbery, burglary and/or kidnapping. Or, if another participant causes the death of that person under those circumstances, i.e., a felony was committed, robbery, burglary and/or kidnapping and he or another participant causes the death of any person.
“To convict under this felony murder the State must prove to you beyond a reasonable doubt that Joe Derossett is dead. Two, that the defendant, Tony Devaughn Coleman, or another participant caused the death of Joe Derossett. The Defendant or another participant was acting in the course of and in furtherance of the crime or the immediate flight from the crime of, as I have stat *894 ed, burglary in the first degree, or kidnapping in the first degree, or robbery, or one of these felonies — and it does not have to be all three.”
The jury subsequently found Coleman guilty of robbery, burglary, kidnapping, and, without naming the included felony, felony murder. The trial court sentenced Coleman to life imprisonment for the felony-murder conviction, and to life imprisonment on each of the underlying convictions to run concurrently with the other convictions. Defense counsel objected that the felony convictions were encompassed by the felony-murder conviction and pointed out to the court that the convictions could have only one concurrent sentence in order to avoid violating due process; the court agreed. Defense counsel further objected that the felony convictions were encompassed by the felony-murder convictions.
The record is clear that at least one of the felonies must have been included in the felony-murder conviction and thus cannot stand. Coral v. State, 628 So.2d 954, 958 (Ala.Crim.App.1992). See also Crear v. State, 591 So.2d 530 (Ala.Crim.App.1991). Moreover, the fact that the felony-murder sentence was to run concurrently to the other sentences does not make this error harmless.
“The United States Supreme Court stated in Ball v. United States, 470 U.S. 856, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985):
“ ‘The remedy of ordering one of the sentences to be served concurrently with the other cannot be squared with Congress’ intention. One of the convictions, as well as its concurrent sentence, is unauthorized punishment for a separate offense.
“ ‘The second conviction, whose concomitant sentence is served concurrently, does not evaporate simply because of the concurrence of the sentence. The separate conviction apart from the concurrent sentence, has potential adverse collateral consequences that may not be ignored. For example, the presence of two convictions on the record may delay the defendant’s eligibility for parole or result in an increased sentence under a recidivist statute for a future offense. Moreover, the second conviction may be used to impeach the defendant’s credibility and certainly carries the societal stigma accompanying any criminal conviction. Thus, the second conviction, even if it results in no greater sentence, is an impermissible punishment.’ ”
“Ball, 470 U.S. at 864-65, 105 S.Ct. at 1673.”
Rolling v. State, 673 So.2d 812, 814 (Ala.Crim.App.1995) (quoting Meyer v. State, 575 So.2d 1212, 1217 (Aa.Crim.App.1990)).
The trial court’s judgment finding the appellant guilty of all of these crimes was error. The felony-murder conviction and conviction or convictions for the encompassed felony or felonies cannot stand. Therefore, this cause is due to be remanded to the trial court for further proceedings consistent with this opinion. Due return should be made to this Court within 42 days, including the transcript of any hearings held as to this matter.
REMANDED WITH DIRECTIONS.*
COBB, BASCHAB, SHAW, and WISE, JJ., concur.

. In his appellate brief, Coleman also alleges that he was denied effective assistance of counsel at trial and on appeal. Because this issue is raised for the first time on appeal, it is not properly before this Court. Lawhorn v. State, 756 So.2d 971 (Ala.Crim.App. 1999).

. This Court may take judicial notice of its own records. Nettles v. State, 731 So.2d 626 (Ala.Crim.App.1998).

 Note from the reporter of decisions: On November 21, 2003, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion. On January 16, 2004, that court denied rehearing, without opinion. On March 12, 2004, the Supreme Court denied certiorari review, without opinion (1030657).