The appellant, Carlos Castillo, appeals from the circuit court's dismissal of his petition for postconviction relief, filed pursuant to Rule 32, Ala.R.Crim.P., in which he attacked his 1998 convictions for eight counts of capital murder, one count of attempted murder, and his resulting sentences of life imprisonment without parole for each of the capital-murder convictions and to life imprisonment for the attempted-murder conviction. On July 9, 1999, this Court affirmed Castillo's convictions and sentences in an unpublished memorandum. Castillov. State (No. CR-97-2218), 778 So.2d 869 (Ala.Crim.App. 1999) (table). A certificate of judgment was issued on October 19, 1999.
On October 5, 2004, Castillo filed this, his first, Rule 32 petition. He alleged: (1) that he had been arraigned without counsel; (2) that he had not been tried on his "special pleas" nor had he withdrawn "these asserted defenses"; (3) that he had been tried and convicted for duplicate offenses in that he had been convicted of eight counts of capital murder and only three individuals had been killed. The State subsequently filed a motion to dismiss, arguing that Castillo's petition was both precluded from review and without *Page 286 
merit. On January 14, 2005, the trial court entered an order summarily dismissing Castillo's petition. This appeal followed.
On appeal, Castillo reasserts the claims he made in his petition to the trial court.
 I.
Castillo argues that his constitutional protection against double jeopardy was violated when he was tried and convicted of eight counts of capital murder arising out of the killing of three people. Castillo's double-jeopardy claim is a jurisdictional claim that is not subject to the procedural bars of Rule 32.2, Ala. R.Crim.P. See Ex parte Robey, 920 So.2d 1069
(Ala. 2004).
During the early morning hours of August 21, 1996, Castillo broke into the Etowah County home of Kenneth Holmes and his sister Belinda Holmes.[1] He shot and killed Kenneth Holmes; Kenneth's sister, Belinda Holmes; and Belinda's five-year old son, Christian. In addition, Castillo shot and wounded David Pitts, who also lived at the Holmes residence. The Etowah County grand jury returned a 12-count indictment against Castillo. Counts one, two, and three charged Castillo with the capital offense of murder committed during the course of a robbery in the deaths of Kenneth Holmes, Belinda Holmes, and Christian Holmes, respectively. See § 13A-5-40(a)(2), Ala. Code 1975. Counts four and five charged Castillo with the capital offense of murder committed during the course of a burglary with respect to Kenneth Holmes. Count four charged Castillo with the murder of Kenneth Holmes during the commission of a burglary while armed with a deadly weapon; count five charged Castillo with the murder of Kenneth Holmes during the commission of a burglary that caused physical injury to David Pitts. See § 13A-5-40(a)(4), Ala. Code 1975. Counts six and seven charged Castillo with the capital offense of murder committed during the course of a burglary with respect to Belinda Holmes. Count six charged Castillo with the murder of Belinda Holmes during the commission of a burglary while armed with a deadly weapon; count seven charged Castillo with the murder of Belinda Holmes during the commission of a burglary that caused physical injury to David Pitts. Counts eight and nine charged Castillo with the capital offense of murder committed during the course of a burglary with respect to Christian Holmes. Count eight charged Castillo with the murder of Christian Holmes during the commission of a burglary while armed with a deadly weapon; count nine charged Castillo with the murder of Christian Holmes during the commission of a burglary that caused physical injury to David Pitts. Count ten charged Castillo with the capital offense of murdering Kenneth Holmes, Belinda Holmes, and Christian Holmes by one act or pursuant to one scheme or course of conduct. See § 13A-5-40(a)(10), Ala. Code 1975. Count eleven charged Castillo with the capital offense of murdering Christian Holmes, who was under 14 years of age. See §13A-5-40(a)(15), Ala. Code 1975. Finally, count twelve charged Castillo with the attempted murder of David Pitts. See §§ 13A-4-2
and 13A-6-2, Ala. Code 1975. After the State rested its case-in-chief, the trial court dismissed counts one, two, and three of the indictment — the counts charging Castillo with the capital offense of robbery-homicide. *Page 287 
The jury convicted Castillo of counts four through twelve.
Section 13A-7-5(a), Ala. Code 1975, provides, in pertinent part, as follows:
 "(a) A person commits the crime of burglary in the first degree if he knowingly and unlawfully enters or remains unlawfully in a dwelling with intent to commit a crime therein, and, if, in effecting entry or while in the dwelling or in immediate flight therefrom, he or another participant in the crime:
"(1) Is armed with explosives or a deadly weapon; or
 "(2) Causes physical injury to any person who is not a participant in the crime; or
 "(3) Uses or threatens the immediate use of a dangerous instrument."
Here, count four of the indictment alleged that, while committing burglary-murder (of Kenneth Holmes), Castillo "was armed with a deadly weapon." Similarly, count five alleged that, while committing the burglary-murder (of Kenneth Holmes), Castillo "did cause physical injury to . . . David Pitts, who was not a participant in the crime." Counts six and seven of the indictment alleged similar burglary-murder counts, naming Belinda Holmes as the victim. Finally, counts eight and nine of the indictment alleged the same burglary-murder counts, naming Christian Holmes as the victim.
In Wynn v. State, 804 So.2d 1122 (Ala.Crim.App. 2000), cert. denied, 804 So.2d 1152 (Ala. 2001), this Court addressed a factually similar situation. There, the defendant was indicted and convicted of two counts of robbery-murder and two counts of burglary-murder. In Wynn, "Count III alleged that, while committing the burglary-murder, the appellant `did use or threaten the immediate use of a dangerous instrument,' and Count IV alleged that, while committing the burglary-murder, the appellant `did cause physical injury to Denise Bliss.'"804 So.2d at 1149. We held that the two counts allowed him to be convicted twice for the same offense, a violation of the Double Jeopardy Clause. This Court stated:
 "Counts III and IV were simply alternative methods of proving the single offense of burglary-murder. We addressed a similar situation in Stewart v. State, 601 So.2d 491, 494-95 (Ala.Crim.App. 1992), aff'd in part, rev'd in part on other grounds, 659 So.2d 122
(Ala. 1993), aff'd, 730 So.2d 1246 (Ala.), cert. denied, 528 U.S. 846, 120 S.Ct. 119, 145 L.Ed.2d 101
(1999), and held:
 "`The six indictments show that the appellant was charged with four counts of intentional murder during the course of a burglary and with two counts of murder during the course of a kidnapping. In fact, the prosecutor alluded to the fact that the indictments were alternative ways of charging the appellant after the court's dialogue above. The four indictments charging murder during the course of a burglary merely detailed alternative ways of proving the elements of burglary. The two indictments charging murder during the course of a kidnapping alleged alternative methods of establishing the crime of kidnapping. We realize that "the purpose of the [alternative] counts was not to charge two or more separate offenses, but to vary the description of one and the same offense based upon one and the same transaction." Floyd v. State, 486 So.2d 1309, 1313
(Ala.Cr.App. 1984), aff'd, 486 So.2d 1321 (Ala. 1986), cert. denied, 479 U.S. 1101, 107 S.Ct. 1328, 94 L.Ed.2d 179 (1987). However, we do not have here a case like Floyd. In Floyd, the appellant was not convicted of all eight counts of *Page 288 
capital murder but was convicted of only one count of capital murder. In the present case, the appellant was convicted on all six counts of capital murder. We do agree with the court in Floyd that the state would not have been required to elect which alternative counts under § 13A-5-40(a)(1) and § 13A-5-40(a)(4) would be presented to the jury. Alternative methods of proving the same crime "[do] not constitute separate offenses." Ex parte State [Sisson v. State], 528 So.2d 1159, 1162 (Ala. 1988). However, the appellant's conviction on all six alternative counts cannot stand. Thus, according to Sisson, the convictions on three counts of murder during the course of a burglary and on one count of murder during the course of kidnapping must be vacated. A person cannot be convicted for the same crime twice because to do so would violate the principles of double jeopardy. Grady v. Corbin, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990); Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). (For an in depth discussion applying the principles of Sisson and Blockburger to facts similar to those in this case, see Judge Bowen's special concurrence opinion in King v. State, 574 So.2d 921 (Ala.Cr.App. 1990).)'"
804 So.2d at 1149-50. Accord Living v. State, 796 So.2d 1121,1143-44 (Ala.Crim.App. 2000).
Here, just as in Wynn and Living, counts four and five were simply alternative methods of proving the single offense of the capital murder of Kenneth Holmes committed during a burglary. Likewise, counts six and seven were simply alternative methods of proving the single offense of the capital murder of Belinda Holmes committed during a burglary, and counts eight and nine were alternative methods of proving the single offense of the capital murder of Christian Holmes committed during a burglary. Even if Castillo had received but a single sentence for all of the capital-murder convictions, the mere fact that he was convicted of six counts of burglary-murder violates the Double Jeopardy Clause. See Living v. State, 796 So.2d at 1144;Knight v. State, 675 So.2d 487, 496-97 (Ala.Crim.App. 1995). Accordingly, Castillo's conviction as to all six counts of burglary-murder cannot stand. However, because counts ten and eleven contained an element not found in counts four through nine — murder committed by one act or pursuant to one scheme or course of conduct and murder when the victim is less than 14 years of age — Castillo's convictions for counts ten and eleven do not violate the prohibition against double jeopardy. See Ex parteDixon, 804 So.2d 1075, 1078-79 (Ala. 2000); Perkins v. State,897 So.2d 457, 462 (Ala.Crim.App. 2004).
For the reasons set forth above, the trial court erred in denying relief based on this ground. The convictions on six alternative counts of burglary-murder cannot stand. However, three convictions for burglary-murder have been proven — one for each of the three victims — and may stand. Accordingly, this case must be remanded for the trial court to enter an order that adjudges Castillo guilty of three counts of the capital offense of murder committed during the course of a burglary. See Exparte Rice, 766 So.2d 143, 152-53 (Ala. 1999).
 II.
Castillo also argues that he was arraigned without counsel present. "The right of a defendant to have counsel present at arraignment is a jurisdictional prerequisite *Page 289 
to a conviction." Weakley v. State, 721 So.2d 235, 236 (Ala. 1998) (citing Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019,82 L.Ed. 1461 (1938); Stokes v. Singletary, 952 F.2d 1567 (11th Cir. 1992)). Thus, this claim is not subject to any of the procedural bars provided in Rule 32.2, Ala. R.Crim.P.
The record of Castillo's direct appeal indicates that Castillo was represented by attorneys Richard Rhea and John Floyd. These attorneys filed motions on Castillo's behalf before his April 19, 1997, arraignment. The record further indicates that these same attorneys continued to represent Castillo after he was arraigned. However, after carefully reviewing the record of Castillo's direct appeal, we are unable to find any affirmative proof that Castillo was, in fact, represented by counsel at his arraignment. Indeed, the case action summary notation for April 19, 1997, states merely: "Defendant, upon being arraigned, does not enter a plea but stands [mute]. The Court enters a plea of not guilty and Defendant is given 60 days to file any objections to the indictment or to enter any further pleas. /s/ Roy S. Moore, Circuit Judge." (C. 1, Castillo direct appeal.) Therefore, we find it necessary to remand this cause to the trial court for that court to determine whether Castillo was represented by counsel at his arraignment.
 III.
Lastly, Castillo argues that he was not tried on his "special pleas" nor did he withdraw "these asserted defenses." The record of Castillo's direct appeal indicates that on May 1, 1997, Castillo's attorneys filed a document entitled "Special Pleas by the Defendant," in which the following pleas were entered on behalf of Castillo: (1) not guilty; (2) not guilty by reason of insanity; (3) not guilty by reason of mental disease or defect; and (4) not guilty by any combination of the aforementioned pleas. (C. 135-36, Castillo direct appeal.) We have carefully reviewed the entire record of Castillo's direct appeal. Although defense counsel entered these special pleas and the trial court ordered Castillo to undergo a mental examination, no further mention of an insanity defense appears in the record. Given that an insanity defense is an affirmative defense, it would be incumbent upon defense counsel to present evidence establishing such defenses. However, we see no evidence that these "special pleas or defenses" were part of counsel's defense strategy at trial. No mention is made of these defenses either during defense counsel's opening argument or during his closing argument. Because it does not appear that counsel elected to use those pleas and/or defenses, we conclude that those claims were implicitly abandoned. Thus, there was no need for Castillo to formally withdraw his "special pleas and defenses." Accordingly, no relief is warranted regarding this claim. Moreover, because this claim was not raised at trial or on direct appeal, it is barred from appellate review. See Rule 32.2(a)(3) and (a)(5), Ala.R.Crim.P.; Coleman v. State, 886 So.2d 891, 893
(Ala.Crim.App. 2003).
For the reasons stated above, this case is remanded to the trial court for that court to enter an order that adjudges Castillo guilty of three counts of the capital offense of murder committed during the course of a burglary. The trial court shall also make findings of fact with regard to Castillo's claim that he was not represented by counsel at his arraignment. The trial court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 56 days after the release of this opinion. The return to remand shall include *Page 290 
the trial court's specific, written findings of fact — including, if available, a transcript of the arraignment — as well as a transcript of any additional proceedings that may occur on remand.
REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and COBB, BASCHAB, and SHAW, JJ., concur.
[1] This Court may take judicial notice of its own records. SeeNettles v. State, 731 So.2d 626, 629 (Ala.Crim.App. 1998).
* Note from the reporter of decisions: On September 16, 2005, on return to remand, the Court of Criminal Appeals affirmed, without opinion.