The appellant, John Betton, appeals from the circuit court's denial of his petition for postconviction relief, filed pursuant to Rule 32, Ala.R.Crim.P., in which he attacked his 2000 convictions for capital murder, two counts of robbery in the first degree, attempted murder, and assault in the first degree. Betton also attacks his sentences of life imprisonment without parole for the capital-murder conviction, life imprisonment for each conviction for robbery in the first degree and attempted murder, and 20 years' imprisonment for the assault conviction. On March 23, 2001, this Court affirmed Betton's convictions and sentences, in an unpublished memorandum. Betton v.State, 821 So.2d 1030 (Ala.Crim.App. 2001) (table).
On February 28, 2005, Betton filed the Rule 32 petition underlying this appeal, in which he alleged: (1) that he was deprived of counsel at his arraignment; (2) that he was deprived of the right "to be personally present with his counsel at arraignment"; (3) that he was deprived of his right to have the jury return an advisory verdict because, he said, no sentencing hearing was conducted before a jury; and (4) that his conviction for attempted murder and assault in the first degree are void because, he said, neither offense was included as a charge in his indictments. On March 10, 2005, the State filed its response in which it argued that Betton's claims were either precluded from appellate review or without merit. On July 29, 2005, the trial court issued an order denying Betton's petition. This appeal followed.
On appeal, Betton reasserts the claims presented in his petition to the trial court.
Betton first alleges that he was deprived of counsel at his arraignment and that he was deprived of the right "to be personally present with his counsel at arraignment." "The right of a defendant to have counsel present at arraignment is a jurisdictional prerequisite to a conviction." Weakley v.State, 721 So.2d 235, 236 (Ala. 1998) (citing Johnsonv. Zerbst, *Page 1077 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); Stokes v.Singletary, 952 F.2d 1567 (11th Cir. 1992)). Thus, this claim is not subject to any of the procedural bars provided in Rule 32.2, Ala.R.Crim.P.
We have reviewed Betton's record on direct appeal as well as the record on this appeal from the denial of his Rule 32 petition. While it does appear that Betton was represented by several attorneys at various stages of his trial, we are unable to determine whether Betton was represented by counsel at his arraignment. Therefore, we find it necessary to remand this cause for the trial court to determine whether Betton was represented by counsel at his arraignment and if Betton was present at his arraignment.
For the reasons stated above, this case is remanded for the trial court to make findings of fact with regard to Betton's claims that he was not represented by counsel at his arraignment and that he was not allowed to be present at his arraignment. The trial court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 56 days after the release of this opinion. The return to remand shall include the trial court's specific, written findings of fact — including, if available, a transcript of the arraignment — as well as a transcript of any additional proceedings that may occur on remand. We pretermit discussion of Betton's remaining claims.
REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and COBB, BASCHAB, and SHAW, JJ., concur.
* Note from the reporter of decisions: On April 21, 2006, on return to remand, the Court of Criminal Appeals affirmed, without opinion.