BASCHAB, Judge.
On September 14, 1984, the appellant, Victor Robinson, pled guilty to first-degree theft of property, two counts of second-degree theft of property, third-degree burglary, and two counts of unlawfully breaking and entering a vehicle. The trial court sentenced him, as a habitual offender, to serve concurrent terms of ten years in prison on each conviction. See § 18A-5-9, Ala.Code 1975. The appellant did not appeal his conviction. On May 8, 2006, he filed a Rule 32 petition, challenging his convictions. After the State responded, the circuit court summarily dismissed the petition. This appeal followed.
The appellant argues that he was deprived of the right to counsel at his arraignment and that he was deprived of the right to be personally present with counsel at arraignment.
“ ‘The right of a defendant to have counsel present at arraignment is a jurisdictional prerequisite to a conviction.’ Weakley v. State, 721 So.2d 235, 236 (Ala.1998) (citing Johnson v. Zerbst, 304 U.S. 458 (1938); Stokes v. Singletary, 952 F.2d 1567 (11th Cir.1992)). Thus, this claim is not subject to any of the procedural bars provided in Rule 32.2, Ala. R.Crim. P.”
Betton v. State, 940 So.2d 1075, 1076-77 (Ala.Crim.App.2005). See also Castillo v. State, 925 So.2d 284 (Ala.Crim.App.2005).
The record indicates that the appellant was arraigned on three separate dates in these cases. It also indicates that he was represented by counsel at some point during the proceedings. However, based on the limited record before us, we cannot determine whether the appellant was represented by counsel at his arraignment in each of the cases and whether he was present with counsel at his arraignment in each of the cases. Therefore, we remand this case to the circuit court with instructions that it make specific, written findings of fact regarding whether the appellant was represented by counsel at his arraignment in each of these cases and whether the appellant was present with counsel at his arraignment in each of these cases. On remand, the circuit court may conduct an evidentiary hearing or otherwise take evidence as allowed by Rule 32.9, Ala. R.Crim. P. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days after the release of this opinion. The return to remand shall include the circuit court’s specific, written findings of fact; a transcript of the evidentiary hearing, if any; and additional evidence on remand, if any.
REMANDED WITH INSTRUCTIONS.*
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.

 Note from the reporter of decisions: On February 16, 2007, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On March 2, 2007, that court denied rehearing, without opinion. On July 13, 2007, the Supreme Court denied certiorari review, without opinion (1060833).