Deltric Montrell Woody appeals from the circuit court's summary denial of his Rule 32, Ala. R.Crim. P., petition for post-conviction relief. The petition challenged Woody's 2002 conviction for capital murder and his sentence to life imprisonment without the possibility of parole. This Court affirmed Woody's conviction in an unpublished memorandum issued on May 23, 2003. See Woody v. State, 880 So.2d 505
(Ala.Crim.App. 2003) (table). The certificate of judgment was issued on July 1, 2003.
Woody filed the instant Rule 32 petition on September 8, 2006. The State filed a motion to dismiss, and the circuit court issued an order summarily dismissing the petition. This appeal followed.
Woody contends that the circuit court was without jurisdiction to render the judgment or to impose the sentence because, he says, he was deprived of his right to counsel at arraignment.
 "`The right of a defendant to have counsel present at arraignment is a jurisdictional prerequisite to a conviction.' Weakley v. State, 721 So.2d 235, 236 (Ala. 1998) (citing Johnson v. Zerbst, 304 U.S. 458 (1938); Stokes v. Singletary, 952 F.2d 1567 (11th Cir. 1992)). Thus, this claim is not subject to any of the procedural bars provided in Rule 32.2, Ala. R.Crim. P."
Betton v. State, 940 So.2d 1075, 1076-77
(Ala.Crim.App. 2005).
Although the record does indicate that Woody was represented by counsel at various stages of his trial, we are unable to determine whether Woody was represented by counsel at his arraignment. Therefore, we remand this case to the circuit court with instructions that it make findings of fact with regard to Woody's claim that he was not represented by counsel at his arraignment. On remand, the circuit court may conduct an evidentiary hearing or otherwise take evidence as allowed by Rule 32.9, Ala. R.Crim. P. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 56 days after the release of this opinion. The return to remand shall include the circuit court's specific, written findings of fact; a transcript of the evidentiary hearing, if any; and any additional evidence presented on remand.
REMANDED WITH INSTRUCTIONS.*
BASCHAB, P.J., and McMILLAN, SHAW, and WISE, JJ., concur.
* Note from the reporter of decisions: On December 14, 2007, on return to remand, the Court of Criminal Appeals affirmed, without opinion.