WELCH, Judge,
concurring in part; dissenting in part.
On August 22, 2006, Travis Storey was convicted of two counts of attempted murder and sentenced to concurrent sentences of 45 years’ imprisonment. His direct appeal was affirmed and this Court’s certificate of final judgment was issued on June 18, 2007. See Storey v. State, (No. CR-05-2278), 9 So.3d 580 (Ala.Crim.App.2007) (table). On July 2, 2007, Storey filed a Rule 32, Ala. R.Crim. P., petition seeking post-conviction relief from these convictions. Storey filed several amendments to this petition. The circuit court ruled that none of Storey’s claims entitled him to relief from his convictions and sentences. Sto-rey appealed challenging the circuit court’s denial of seven of the claims presented in his petition. Ultimately, following this Court’s remand for the circuit court to conduct a hearing on certain claims, all relief requested in Storey’s petition and amendments was denied. The majority has issued a memorandum opinion on return from our remand affirming the circuit *1137 court’s judgment. Except for one claim, I concur with the majority in affirming the circuit court. I do believe that Storey presented one claim that entitled him to a new trial. Therefore, as to the claim discussed below, I respectfully dissent from the majority.
Storey contends that he was entitled to Rule 32 postconviction relief on his claim that the circuit court “erred to the degree of reversible error when it conducted an arraignment in [his] case without [him] being represented by coun[s]el.” (Storey’s brief, p. 21.) The majority acknowledges that arraignment is a critical stage of the proceedings, that the failure to be represented by counsel at arraignment is a jurisdictional defect in the proceedings, and that Storey was in fact not represented by counsel at his “initial” arraignment. In its memorandum, the majority relies on Weakley v. State, 721 So.2d 235 (Ala.1998), to hold that “[although Storey was not represented by counsel at his initial arraignment, he is not entitled to relief on this claim,” because Storey was “rear-raigned” with his counsel present before his trial began, and this second arraignment cured the defect occurring in his first arraignment. I must dissent, because, unlike the facts in Weakley, I do not believe that Storey was rearraigned.
Weakley was not represented by counsel at his first arraignment. Subsequently, counsel was obtained and Weakley appeared before the trial court with his counsel to enter a guilty plea. The Alabama Supreme Court held that Weakley’s appearance at his guilty plea proceedings at which Weakley was represented by counsel, had read to him the charges that he must defend, and at which he was asked to enter his plea and he responded that he was entering a guilty plea, constituted a rearraignment curing his failure to have counsel during his first arraignment. Thus, according to the Weakley court, Weakley suffered no prejudice from the failed first arraignment.
The majority in this case reasons that because Storey was rearraigned with counsel before his trial began, and because he always maintained that he was not guilty, he suffered no prejudice warranting a reversal. Moreover, the majority notes that Storey lodged no objection to the trial court entering a not guilty plea on his behalf at the first arraignment. In its memorandum, the majority states:
“The record on direct appeal establishes that on July 31, 2006, immediately before voir dire,[1] Storey appeared in court with his trial counsel, Shaun Quin-lan, both indictments charging Storey with attempted murder were read in his presence, and the circuit court noted that a not guilty plea had been entered on Storey’s behalf.[2] (Record on Return to Remand, R. 37-39.)
“Additionally, Storey neither contended in the circuit court that he suffered prejudice from the error at the first arraignment nor does he contend on appeal that he suffered prejudice.
“Because Storey was ‘rearraigned’ and suffered no prejudice from the error at his first arraignment, he is not entitled to relief on this claim, and, therefore, the circuit court did not err when it denied this claim. Moreover, ‘[i]t would be burdensome and redundant to require a reversal of the conviction in this case and have yet another arraignment.’ Weakley, 721 So.2d at 237.
*1138 I do not believe that the record from Storey’s direct appeal[4] discloses that Sto-rey was “rearraigned” before his trial. “The purpose of an arraignment is to formally charge a defendant with an offense and to allow a plea.” Weakley v. State, 721 So.2d 235, 237 (Ala.1998), citing O’Neal v. State, 494 So.2d 801 (Ala.Crim.App.1986). Arraignment should not be confused with Rule 19.1, Ala. R.Crim. P. Rule 19.1, Ala. R.Crim. P., includes as an element of a “trial proceeding” that before the prosecution delivers its opening statement “[t]he charges shall be read, and the plea of the defendant stated.” Rule 19.1(b), Ala. R.Crim. P. Here, the trial court did not read the indictment to Storey and did not ask for his plea; the trial court read the indictment to the venire panel of potential jurors and told them that Storey had pleaded not guilty, and, thus, “[w]ith those indictments and by the not guilty pleas these issues are joined for purposes of trial and we now need to select a jury....” (Direct Appeal, CR-05-2278, R. 39.) The indictment was not read to advise Storey of the charges so that he could enter a plea; the purpose was to inform the veniremembers of the charges and plea. I do not believe that the reading of the indictment to the veniremembers at Storey’s trial was in substance a second arraignment, and thus, this case is distinguishable from the guilty plea proceedings in Weakley, which I do believe constituted a second arraignment. Therefore, I cannot affirm on the grounds that Storey received a curative second arraignment.
I can concede that in this case the truth of the matter is that Storey was present at trial with his counsel and they both most certainly heard the reading of the charges against Storey and that most certainly Sto-rey wanted and intended to adhere to the plea of not guilty previously entered by the circuit court on his behalf. Nevertheless, I believe that an arraignment is more that just a routine reading of the charges as was done at trial. Otherwise, compliance with Rule 19.1, Ala. R.Crim. P., would render an arraignment less a critical phase of criminal proceedings and more a hollow exercise.
“‘Whatever may be the function and importance of arraignment in other jurisdictions, we have said enough to show that in Alabama it is a critical stage in a criminal proceeding. What happens there may affect the whole trial. Available defenses may be as irretrievably lost, if not then and there asserted, as they are when an accused represented by counsel waives a right for strategic purposes. Cf. Canizio v. New York, 327 U.S. 82, 85, 86, 66 S.Ct. 452, 90 L.Ed. 545 [ (1946) ].’ ”
Barnett v. State, 339 So.2d 1082, 1086-1087 (Ala.Crim.App.1976) (quoting Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961))).[5]
Moreover, there is no requirement that a defendant plead prejudice or preserve via an objection a challenge to a jurisdictional defect. “[I]t is well settled that a court can and should correct a jurisdietion *1139 al error at any time. See Ex parte Peterson, 884 So.2d 924, 926 (Ala.Crim.App.2003) (‘A court can notice a jurisdictional defect at any time and has a duty to correct the defect.’). Enfinger v. State, 123 So.3d 535, 542 (Ala.Crim.App.2012).
“ ‘ “A judgment entered by a court lacking subject-matter jurisdiction is absolutely void and will not support an appeal; an appellate court must dismiss an attempted appeal from such a void judgment.” Vann v. Cook, 989 So.2d 556, 559 (Ala.Civ.App.2008).’
“MPQ, Inc. v. Birmingham Realty Co., 78 So.3d 391, 394 (Ala.2011) (emphasis added).”
Enfinger v. State, 123 So.3d at 542.
Additionally, recently in Ex parte Pritchett, 117 So.3d 356 (Ala.2012), a case concerning a pro se motion to withdraw a guilty plea that had been entered with the assistance of counsel, without any consideration to the lack of prejudice or harmless error, the Alabama Supreme Court reasserted that a defendant’s failure to be represented by counsel during a critical phase of court proceedings, or in the alternative, to knowingly waive the right to counsel, was a jurisdictional defect requiring reversal of a conviction for further proceedings.
Because I do not believe that Storey was rearraigned as contemplated in Weakley, because jurisdictional defects do not require a trial objection to obtain appellate review, and because the Alabama Supreme Court reaffirmed the importance of representation during critical phases of criminal proceedings, I must respectfully dissent from the majority as to this issue.
BURKE, J., concurs.

" 1 This Court has held that '[a]rraignment may happen any time before trial. In fact, a defendant may be arraigned after the jury has been empaneled.' Lawson v. State, 954 So.2d 1127, 1132 (Ala.Crim.App.2006) (citing Car *1138 roll v. State, 445 So.2d 952 (Ala.Crim.App1983)).

" 2 Although Storey did not enter a plea at this time, he neither took exception to the circuit court entering a plea on his behalf, nor did he attempt to enter a new or different plea at the time the circuit court noted that a not guilty plea had been entered on Storey’s behalf. Moreover, Storey still maintains his innocence for the charges of attempted murder. (C. 61.)”

. I take judicial notice of the record from the Storey’s direct appeal in this case. See Nettles v. State, 731 So.2d 626 (Ala.Crim.App.1998.)

. Barnett and Hamilton are capital cases in which a death sentence was imposed.